## EX PARTE CANNON.

1. REFERENCE.—Respondent in *habeas corpus* cannot demand reference as matter of right, as Court usually tries such cases on pleadings and affidavits in a summary manner, but Court may order issues referred.

2. CONTINUANCE—HABEAS CORPUS.—Motion to continue trial of *habeas corpus* proceeding by wife against a brother of a husband, until husband could arrive from Georgia, brother having charge of the children, under instructions from husband to keep from the wife, is substantially a motion for continuance on account of absence of a nonresident witness, is addressed to discretion of the Court, and will not be reviewed except in clear case of abuse.

3. IBID.—FOREIGN JUDGMENT—PLEADINGS.—It is not error to refuse to extend time in trial of *habeas corpus* writ to procure certified copy of foreign judgment which the return does not specifically allege is in existence, nor that petitioner was a party to, nor bound by, and there being no assurance that the record could be procured in a short time. Under allegation that respondent has been informed that there is a foreign judgment, as to the nature of which he is not informed, foreign judgment is not pleaded.

4. APPLICTION FOR WRIT OF HABEAS CORPUS FOR POSSESSION OF CHILDREN is a proceeding on the law side of the Court, and findings by trial Judge are not reviewable on appeal

5. PARENT AND CHILD.—Under the facts here, small children are given to the mother as against the brother of the father, in whose charge he placed them, with instructions not to deliver to the mother.

Before MEMMINGER, J., Laurens, September, 1905. Affirmed.

Petition by Emma F. Cannon against J. P. Cannon, for writ of *habeas corpus* for possession of two small children. From Circuit order granting writ, respondent appeals.

*Messrs. Simpson, Cooper & Rabb,* for appellant, cite: *Father is entitled to custody of his children:* 15 Ency., 182; 19 S. C., 604.

*Mr. W. R. Richey,* contra (oral argument).

September 19, 1906.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This was an application on the part of the petitioner, Emma F. Cannon, for writ of *habeas corpus* to get possession of her children named in the petition, who, she alleged, were unlawfully detained from her by J. P. Cannon.    The writ was signed by his Honor, R. W. Memminger, Circuit Judge, on September 22, 1905, and was served on J. P. Cannon on the morning of the same day about 10 o'clock, and commanded him to have the bodies of said children, together with the time and cause of detention, before him at the city of Laurens, in Laurens County, S. C., in the Court House, at 12.30 o'clock p. m., on the said 22d day of September, 1905.

J. P. Cannon made return as follows: "1. That the petitioner and J. B. Cannon were married, as alleged in the petition, and that the respondent now has the custody of J. Barnwell Cannon and Janie R. Cannon, infant children of J. B. Cannon and the petitioner above named; that J. B. Cannon is brother to the respondent, J. P. Cannor, and that he

brought the above named children from the State of Georgia, where he was then residing and is now residing, to Laurens County, State of South Carolina, to the respondent, the said J. P. Cannon, on the 15th day of July, 1905, and placed the said children in the custody of the said respondent, with the request and instruction that this respondent take charge of said children and keep same for him until he, himself, came for them; he further stated to the respondent that the Court of the State of Georgia had given to him the custody of the said children in some proceedings instituted therein in reference to the custody of the said children, the nature of which he did not fully explain to this respondent, and that it was very likely that the petitioner herein would come to South Carolina and demand of the respondent the possession and custody of the children, but for this respondent not to deliver said children to the petitioner under any circumstances, as the Courts had given him possession of the children, and he did not want the petitioner to have anything to do with the children whatever, and he has not received any instructions from his brother to the contrary, and upon information he denies that the petitioner is legally entitled to the custody of the said children."

Upon filing his return to the petition and writ, J. P. Cannon, through his attorneys, moved the Circuit Court for an order referring the questions raised by petition and return to a special referee to take testimony thereon and report the same to the Court, or to hear and determine all the issues involved, and that the hearing on the petition and writ be continued for that purpose. This motion was refused by the Circuit Judge, and thereupon the attorneys for J. P. Cannon moved that a further hearing of the matter be postponed until they could communicate with J. B. Cannon, father of the children, and until they could procure a certified record of the proceedings in the Court of Georgia giving the custody of the children in question to their father, the said J. B. Cannon, and which was set out in the return of J. P. Cannon to the writ. This request and motion was refused

by the Circuit Judge; and after hearing the petition and return, he passed an order requiring that the custody of the children be delivered to the petitioner.

The first exception charges error in not granting a reference to take testimony on the issues raised. This exception cannot be sustained. In *habeas corpus* proceedings, it is usual for the Court to try all the issues of law and fact upon the petition, return and supporting affidavits in as summary manner as the circumstances will permit. A case may arise in which the Court might see fit to use that method in obtaining evidence, but the respondent in *habeas corpus* proceedings cannot demand a reference as matter of right.

The second exception alleges error in not postponing the hearing until the father of the children could be notified and have an opportunity to be heard. The writ was not issued against the father, J. B. Cannon, but against his brother, J. P. Cannon, who had actual custody of the children. The father was a resident of Georgia and, therefore, not within the jurisdiction of the Court. The motion was really a motion for continuance on account of the absence of a non-resident witness. Such motions are addressed to the discretion of the Court, and will not be reviewed except in a clear case of abuse of discretion. *State v. Murphy*, 48 S. C., 5.

Under the sixth exception, it is further contended that Judge Memminger should have allowed appellant time to procure certified copies of the judgment of the Georgia Court giving the custody of the children to the father. We are impressed that the proceedings before Judge Memminger were quite summary, and it may be that possibly some more time might have been extended to appellant in procuring evidence without impairing the efficiency of *habeas corpus* as a speedy remedy to relieve persons from illegal custody, yet we cannot overlook the fact that the Circuit Judge had no power to compel the production of a certified copy of the judgment of the Georgia Court, and that

so far as the record shows, there was no certain assurance that such foreign record would be produced in a short time, nor was there any certainty that the alleged Georgia judgment in any wise affected the right of the petitioner as mother of the children. It will be observed that J. P. Cannon's return does not allege specifically that there existed a judgment of the Georgia Court awarding the custody of the children to their father as against the petitioner, their mother, or that the petitioner was in anywise a party to said proceedings. These circumstances and possibly others, may have influenced the Court to proceed with the trial, and we cannot say that there was any abuse of discretion in not postponing the trial.

It is argued under the seventh exception that full faith and credit was not given to the judgment of the Court of Georgia in violation of art. IX., sec. 1, of the Federal Constitution. It is manifest, however, that no such question can arise upon the record, as the Court did not have before it for consideration any judgment of a sister State.

Under the remaining exceptions, the contention is made that J. B. Cannon, the father, has the right to the custody of his infant children, that the decree of the Court of Georgia had also given him the custody of the children, and that the father having placed his children in the custody of J. P. Cannon, the latter's custody of the children was legal. It is argued that the return set up the Georgia judgment as awarding the custody of the children to the father and that the facts stated in the return untraversed must be accepted as true. We have already called attention to the allegations of the return. There is no allegation therein alleging the existence of a judgment in Georgia awarding the children to their father as against their mother, the allegation only goes to the effect that when J. B. Cannon delivered the children to J. P. Cannon, he said there was a judgment awarding the children to him. On demurrer to the return for insufficiency, or motion for judgment notwithstanding the return,

the Court would be bound to hold that no judgment of the Georgia Court binding on petitioner was sufficiently pleaded.

As decided in the case of *Ex parte Reed,* 19 S. C., 604, an application for possession of children under writ of a *habeas corpus* is a proceeding on the law side of the Court, and the findings of fact by the Circuit Judge in such cases are decisive. While the Circuit Court has made no specific findings of fact in this case, we cannot, under the circumstances, assume the existence of a Georgia judgment awarding the children to the father as against the mother, and, therefore, this alleged fact must go out of consideration.

We have, then, to consider whether the Circuit Judge committed error of law or abuse of discretion in awarding the children to the custody of their mother as against a person who became their custodian at the request of the father. There is no claim or evidence that the mother is unfit to be the custodian of her children, one a boy seven years old, the other a girl five years old. There is no suggestion that their custody should remain as placed by the father in view of the welfare of the children from considerations of their health, education, training or otherwise. There is evidence tending to show that there was some trouble between the petitioner and her husband, J. B. Cannon, in Georgia, about the 12th of July, 1905; that soon thereafter the husband brought the children into South Carolina and placed them in the custody of his brother, with instructions not to deliver them to their mother, who would likely demand them; but there was further evidence tending to show a reconciliation between petitioner and her husband; that he had promised that she should go to Laurens, S. C., for her children as soon as he received his monthly pay and could spare the money; that yearning to see her children, the mother had procured the necessary money from her brothers and had come to Laurens and demanded her children of J. P. Cannon, and that he refused to comply. Under the circumstances, it cannot be said that the Circuit Judge

abused his discretion in delivering these little children to their mother and natural guardian as against J. P. Cannon. The issue as presented to the Circuit Judge, was not between the father and mother, in which a Court, considering the welfare of the children as a matter of prime importance, should recognize the paramount right of the father to the custody of his children even as against their mother, but the issue as presented was the mother and a third person, to whom the father had yielded custody, apparently for the sole purpose of preventing the mother from exercising her right as natural guardian. The paramount right of the father to the custody of his child may be recognized when it is consistent with the welfare of the child, but the right of the father is not so paramount as that he may arbitrarily or capriciously yield their custody to another with the intent to deprive a mother of her rights as such.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.