## BROWN v. ROBERTSON.

PARENT AND CHILD—HABEAS CORPUS—RES JUDICATA.—The Court will not by *habeas corpus* take an infant, who has been placed by its parents in care of a woman of bad character to be wet nursed, from her possession and put in the possession of a stranger who has no legal right to it, but is prompted alone by motives of humanity and Christianity to ask for its possession. But when the infant arrives at such age as that its morals may be affected by reason of its association with a woman of bad character, the Court may remove it into better surroundings; as this adjudication would ·not be *res judicata* between the same parties on a different state of facts.

Before KLUGH, J., Richland, July, 1906. Affirmed.

Petition for a writ of *habeas corpus* by W. F. Brown against Emma Robertson for the possession of an infant, Richard Allen. From Circuit decree, petitioner appeals.

*Mr. D. W. Robertson,* for appellant, cites: *The welfare and interest of the child should govern the Court:* 72 S. C., 18; 73 S. C., 296; 15 Ency., 187; 51 L. R. A., 848; 54 L. R. A., 929. *Contract of parent to surrender custody of child is held by some Courts void, as being against public policy:* 6 L. R. A., 672; 51 L. R. A., 843; 15 Ency., 188.

No appearance for respondent.

February 16, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. Capt. W. F. Brown, the appellant, made application before Judge Klugh for a writ of *habeas corpus,* alleging in his petition:

"1. That he is the captain and commander of the Salvation Army Post at Columbia, S. C., which is engaged in religious and benevolent work in and about the city.

"2. That he has found Richard Allen, an infant white child, of the age of about one year, in the care and keeping

of and making its home with Emma Robertson, who is a
negro woman living at or near 709 Richland street.

"3. That said Emma Robertson is an entirely unsuitable
and unfit person to have the custody of said child.

"4. That petitioner is able and willing to take charge,
care and custody of said child, and either maintain it him-
self or provide for it a suitable home with proper white
persons, or put it in the home provided by the Salvation
Army in the city of New York for such children, in any
of which places it will receive intelligent, Christian rearing
and associations.

"Wherefore, your petitioner asks this Court to issue a
writ of *habeas corpus* to the end that the custody of said
child may be inquired into and delivered to petitioner."

The writ was issued by Judge Klugh, but upon consider-
ing the return and testimony offered, he refused to deliver
custody of the child to the petitioner and discharged the
writ, in a formal order to that effect without stating reasons.
Petitioner appeals to this Court upon the following excep-
tions:

"1. That his Honor, the Circuit Judge, erred in failing
to find that Emma Robertson was not a proper person to
have the care and custody of the minor child, Richard Allen.

"2. That his Honor erred in refusing to take the said
infant child, Richard Allen, and award his custody and
keeping to the petitioner."

An application for the possession of a child under writ of
*habeas corpus* is a proceeding on the law side of the Court,
and the findings of fact by the Circuit Judge are not review-
able. *Ex parte Reid,* 19 S. C., 604. In appeals, therefore,
from such judgments, this Court will only consider whether
there was error of law or abuse of discretion in the judg-
ment rendered. *Ex parte Cannon,* 75 S. C., 217.

The first exception relates to a matter of fact. The
uncontradicted affidavits submitted in support of the third
allegation of the petition we will assume satisfied the Circuit
Judge that Emma Robertson was a negro woman of bad

reputation and character, notwithstanding he made no express finding to that effect. Still, it would not follow that the Judge erred, as matter of law, or abused his discretion, in declining to deliver the child to the petitioner.

In the case of *Rex* v. *Delavel,* 3 Burr, 1438, decided in 1763, Lord Mansfield held, "That in cases of writs of *habeas corpus* directed to bring up infants, the Court is bound, *ex debito justitiae,* to set the infant free from an improper restraint; but they are not bound to deliver them over to anybody, nor to give them any privilege. This must be left to their discretion, according to the circumstances that shall appear before them." "While a Court is in duty bound to relieve an infant from illegal restraint, yet in awarding its custody it will exercise a wise discretion, looking to the real welfare of the child as the principal consideration." *Anderson* v. *Young,* 54 S. C., 392, 32 S. E., 448; 44 L. R. A., 277. Such is the law in this State, as disclosed and followed in numerous decisions. *Ex parte Shumpert,* 6 Rich., 346; *Ex parte Williams,* 11 Rich., 459; in the matter of *Kottman,* 2 Hill, 363; *Ex parte Davidge,* 72 S. C., 23, 57 S. E., 269; *Ex parte Reynolds,* 73 S. C., 302.

The prime office of a writ of *habeas corpus* is to release from illegal restraint, and it is not a proceeding in equity for the appointment of a guardian of an infant. The first question, therefore, which the Circuit Judge had to determine was whether the infant was subject to illegal restraint. It will be observed that the petition does not even allege any illegal restraint, unless such restraint must be necessarily inferred from an allegation that its custodian was unsuitable and unfit. But passing that by, the only evidence before Judge Klugh on that point was the affidavit of Dr. F. D. Kendall, a physician in the city of Columbia, S. C., submitted in behalf of the respondent, to the effect that Dr. Kendall had charge of the child, that it was being wet nursed by Emma Robertson for its parents, who are financially able to take care of the child and are caring for it, as

shown by the appearance of the child, which is well dressed and properly cared for. The child was brought before Judge Klugh by the respondent in obedience to the writ, and no doubt the appearance of the child confirmed the statement as to its physical condition. While the names of the parents of the child have not been disclosed and they are not in person before the Court claiming possession, yet it was made to appear that Emma Robertson was custodian by authority of the parents and physician in charge. On the other hand, the petitioner does not even allege that he is entitled to custody of the child, nor does he show any right whatever to its custody by kinship, guardianship or otherwise. He is no doubt actuated by humane and benevolent motives, which do him honor, but he has shown no legal right to possession of the child. No illegal restraint being shown, it was not error of law to discharge the writ, issued at the instance of a stranger. *In re Poole,* 29 Am. Rep., 628.

We are not asserting that a Court under *habeas corpus* proceedings, in the exercise of a wise discretion, looking to the real welfare of a child of such tender years as to be incapable of making an intelligent choice of its own custodian, may not, after removing it from all illegal restraint, place it in the custody of any suitable person able and willing to take charge of it and giving the Court proper guarantees that the duty assumed will be faithfully performed. Such a question is not now presented. We merely assert that in the present instance no error of law or abuse of discretion has been shown with respect to any right of appellant.

It naturally excites sympathy and regret that the child is left in such surroundings, especially when the mind adverts to the circumstances which may hurtfully influence its future welfare if left with the present custodian for any great length of time. But it must be remembered that the child is where the parents and the phyisician in charge have placed him, not in abandonment of him, but to be wet nursed, and there is nothing to show that the child has suf-

fered from any neglect in this regard.    Whatever the delinquencies of Emma Robertson in other respects, it must be placed to her credit that she has nurtured the child from about the time of its birth and has brought him safely through all the perils of the first year's existence.    At the time of the hearing, Dr. Kendall swore that the child was being then wet nursed by Emma Robertson, and this was not contradicted by any one.    If that be so, then this physical necessity of the child was a matter of paramount importance, and there was no assurance that the bodily welfare of the child would or could be promoted by a change in wet nurses.    The moral and social considerations so strenuously urged will no doubt become more and more weighty and serious as the child becomes more susceptible to their influence, and if the time has not already arrived, it will soon arrive, when the Court may be called upon to remove the child into better surroundings, if those in charge of his welfare neglect their duty in this regard.    Judge Klugh has made no permanent disposition of the custody of the child, he has merely left him where he found him, for the time being.

If the judgment of a Court in a proceeding in *habeas corpus* with regard to the custody of an infant is *res judicata* as between the same parties upon the same state of facts (*Cormack.* v. *Marshall,* 211 Ill., 519, 67 L. R. A., 789, and note to *Re Harriet King,* 66 Kan., 695, in 67 L. R. A., 783), there is nothing to prevent another application upon a different state of facts.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.