. 7415

## EX PARTE CANOVA.

1. Issues—Habeas Corpus.—An application for possession of a child under writ of *habeas corpus* is a proceeding on the law side of the Court and findings below on the facts are not reviewable here except in case of abuse of discretion.
2. Parent and Child.—A parent may revoke a mere parol gift of his child, unless there is something in his conduct to estop him. Here child taken from foster parents given in parol and returned to the mother, both pareties being proper persons to care for it.
3. Rehearing refused.

Before Prince J., Charleston, October, 1908. Affirmed.

Petition by Annie Canova for writ of habeas corpus against Loka Rigby, for possession of child. From Circuit order commanding the child delivered to petitioner, respondents appeal.

*Messrs. Jervey & Cohen,* for appellants.

*Messrs. Logan & Grace* and *P. M. McMillan,* contra.

The opinion in this case was filed on October 7, 1909, but remittitur held up on petition for rehearing until

January 8, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The petitioner, Mrs. Annie Canova, under proceedings in *habeas corpus* before Judge Prince, in Charleston county, was awarded the custody of her infant child, Theodore Atkinson, as against Mrs. Loka Rigby, who had possession of the child under an alleged parol gift from the mother.

The facts found by the Circuit Court are as follows:

"In the month of August, 1906, the petitioner, Annie Canova, being then Annie Atkinson, and the mother of the infant, Theodore Atkinson, made a parol gift of such infant to the respondent, Loka Rigby, and immediately delivered to the said Loka Rigby the custody of said infant. At the time of this parol gift the said infant was only about one year of age and was in a very weak and feeble condition. Nothing was then said about the duration of Mrs. Rigby's custody. The facts and circumstances established by the evidence, not only convince me that Mrs. Rigby understood the gift to be a permanent arrangement, but I find she was justified in so thinking. I am also convinced from the facts and circumstances proven, and so find, that, at the time, Mrs. Canova also believed such a disposition of the child for his best interests. From that time until a few weeks since, Mrs. Rigby, believing the custody of said child legally hers, and acting in all good faith, has nourished and cared for said child in sickness and in health, and not only bestowed upon him all material things needful, but lavished upon him all the wealth of a childless woman's love and attention. The result of her very great care and attention is that said infant is now a sturdy boy of three years of age. That since she gave the child to Mrs. Rigby the mother has not been at any expense whatever on his account.

"While circumstances in 1906 rendered it desirable and advantageous for the child for petitioner to give the custody of said infant to Mrs. Rigby, a stranger in blood to it, now her condition and circumstances in life are such as to properly care for and rear said child, and at present her mother's heart yearns for the opportunity to right what she feels to be a wrong she has done her infant son by giving him over to the care and custody of another, however good, pure and prosperous that other may be.   Whatever her weakness in the past, I now find petitioner to be a person entirely fit and proper for the custody of her child, and I hold, as matter of law, that whatever may have been the intention of the parties at the time of the gift, the mother has (under *Ex parte Reynolds,* 73 S. C., 296, 53 S. E., 490) the right to revoke her parol gift and take again the child into her own custody.   The respondent, Mrs. Rigby, must be présumed to have known the law, and must be presumed to have assumed the risk of the mother's change of mind and the revocation by her of the parol gift.   I find nothing in petitioner's conduct sufficient to estop her from now claiming the custody of her infant, especially when I must consider only the child's best interests.   It is still so young that taking it from the care of its foster parents will not cause any serious wrench in its tender affections for said foster parents.   The pain that Mrs. Rigby, the foster mother, will suffer, although great, cannot be by me considered.   I must look solely to the good of the child.   Other things being equal, I hold it ever to the child's interest to be reared by its mother, and in this case, I find that in so far as material things are concerned both women are abundantly able to care for said child, and I also find that both are fit and proper persons to be intrusted with his maintenance, education and training.   I find that both love it dearly, but I am constrained to think a mother's love is of a different quality from that of any other person, and I think the child has a right to its own mother's love and care, and I am disposed to think

that the courts will not legally deprive it of such a privilege, unless it is made clearly to appear that the mother is unfit by reason of personal immorality, or by reason of immoral surroundings, to rear and properly train him. I am frank to say, however, that if it were here a mere question between these two women, I would very probably leave the custody of the child with its foster mother, Mrs. Rigby, but as it is not the important question, I cannot so decide.

"It is, therefore, ordered and adjudged, that whatever the intention of the parties at the time of the parol gift, and despite that intention, the mother·has the right to revoke the gift and take away from the donee the infant, Theodore Atkinson, unless she is estopped by her conduct, and in this case it is adjudged that she is not so estopped."

An application for the possession of a child under writ of *habeas corpus* is a proceeding on the law side of the Court, and the findings of a fact by the Circuit Court are not reviewable in this Court, and on appeal from the judgment of the Circuit Court this Court will only consider whether the exceptions show error of law or abuse of discretion in the judgment reviewed. *Ex parte Reed,* 19 S. C., 604; *ex parte Cannon,* 75 S. C., 217, 55 S. E., 325; *Brown* v. *Robertson,* 76 S. C., 152, 56 S. E., 786.

The exceptions show no such error.

The right of a parent to the custody of a child cannot be defeated by a mere parol gift of the child by the parent to another. *Ex parte Reynolds,* 73 S. C., 302, 58 S. E., 490.

But the parent may by a parol gift and long acquiescence in the relation thus created so bind up the child's best interest with the chosen custodian that a court would not break the relation, not because the parent has made a valid surrender of the parental right and duty towards the child, but because the welfare of the child, which is always the principal consideration, may require that the custody remain as bestowed by the parent. Notwithstanding a parol gift of the child to another, it is always open to the

parent to seek a restoration of the full rights and duties of parentage, if the best interest of the child require it.

The Circuit Court having ascertained that the welfare of the child will be promoted by restoring it to the mother, notwithstanding the parol gift, and there being evidence to support the conclusion, there is no ground for disturbing the judgment.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

January 8, 1910. PER CURIAM. The petition presents no ground for a rehearing of the case.

It is, therefore, ordered that the petition be dismissed and that the stay of remittitur, heretofore granted, be revoked.