## Commonwealth ex rel. Shelton, Appellant, v. Bush et ux.

Argued April 19, 1943. Before KELLER, P. J., BALD-

Rige, Stadtfeld, Rhodes, Hirt, Kenworthey and Reno, JJ.

*Frank E. Reed,* of *Bradshaw, McCreary & Reed,* for appellant.

*William Coghlan,* for appellees.

Opinion by Baldrige, J., July 16, 1943:

Christine Shelton, by her guardian George Shelton, on September 12, 1942, filed a petition for writ of habeas corpus to obtain from the respondents, Alonzo Bush and Gussie Bush his wife, the custody of her 2½ year old illegitimate child, Yvonne Vernile Shelton, born February 5, 1940. The writ was granted and after a full hearing was had the court below awarded the legal custody of the child to the respondents.

Christine when 17 years of age, a student in high school, and residing with her parents in Lynchburg, Virginia, became pregnant. To keep her condition concealed from the school authorities and the public generally she went to the home of her aunt, Mrs. Lilly, who lived in East Liverpool, Ohio, where her baby was born. Ten days after that occurrence she gave possession of the baby to Mrs. Lilly's daughter, Gussie Bush, who took it to her home near Midland, Beaver County, Pennsylvania, about 9 miles from East Liverpool. Mrs.

Bush testified that Christine agreed with her at that time that if she would take the baby into her home she, Christine, would relinquish her parental right to repossess the child. Christine remained with her aunt with the exception of a few days until September 1940, when she returned home. During that period she frequently went to the home of Mrs. Bush, but from September 1940 until May 1942, she never saw Yvonne except in the Christmas holiday season of 1941. Then she accepted Mrs. Bush's invitation to visit her. Mrs. Bush apparently paid her expenses to make the journey. Assuming such an informal agreement was made it was entered into at a time when this unfortunate girl was undoubtedly in distress. Nothing short of actual adoption in such circumstances is binding on a mother who has a prima facie right to the custody of her offspring: *Commonwealth ex rel. Cummings et al. v. Nearhoof et ux.*, 141 Pa. Superior Ct. 581, 15 A. 2d 529. The paramount issue before us is not whether there was an agreement as alleged, but what should be done to promote the permanent welfare of the child: Act of June 26, 1895, P. L. 316, §2, 48 PS §92; *Commonwealth ex rel. Keenan v. Thomas et ux.*, 151 Pa. Superior Ct. 131, 30 A. 2d 246. The right of this mother and all other considerations are subordinated to the child's best interests: *Commonwealth ex rel. Stevens v. Shannon*, 107 Pa. Superior Ct. 557, 164 A. 352; *Rumsey's* case, 135 Pa. Superior Ct. 515, 519, 7 A. 2d 43.

Christine makes her home with her parents and her only financial resources are the $5 weekly wages received for doing housework. Both her mother and father are employed during the entire day, so that this mother is not situated so that she can provide for, or take proper personal care of, her little daughter, and there are no other members, than those mentioned, in this household to assume that responsibility.

The appellee, Alonzo Bush, is employed steadily by the Crucible Steel Company, receiving substantial wages and the evidence indicates that he and his wife are estimable colored people without any children. They have provided well for Yvonne since she was 10 days old and have become very much attached to her.

A careful review of this testimony brings us to the same conclusion reached by the learned court below, 'viz., that the child's welfare will be best served by her remaining in the respondent's home where she is being tenderly and properly reared.

The order of the court below is affirmed at appellant's costs.