Commonwealth ex rel. Logsdon, Appellant, *v.*
Logsdon et ux.

Argued September 26, 1944.   Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Robert Madore,* with him *Estel C. Kelley,* for appellant.

*Richard W. Lins,* for appellee.

OPINION BY BALDRIGE, J., October 25, 1944:

Mary F. Logsdon of Mt. Savage, Allegany County,
Maryland, instituted a habeas corpus proceeding to ob-
tain the custody of three of her children, Gerald age
14, William age 8, and Jerome age 2, who live with the
respondents, their paternal grandparents, William and

Nora Logsdon of Londonderry Township, Bedford County, Pennsylvania.

The father of these children has been in the military service since 1942 and is presently located in India. Gerald, the oldest of these children, was given originally to the respondents by his parents when only 5 months old for a short period, and has been in their custody continuously since he was 14 months old. The relator states to this court that she does not question the propriety of the lower court's order refusing to give her possession of this child. The other two children have been living with their grandparents the major portion of their respective lives.

The relator is the mother of 4 other children, ranging in age from 5 to 13 years, who are in her possession. She was married to Jesse Logsdon in 1928, but they never established a permanent home and the evidence indicates that the children when with their parents were neglected and not properly cared for, due partly to the father's bad habits and failure to supply money to support them and to the lack of maternal interest and the ill health of this relator. As a consequence of this unfortunate situation the children, who were not with their paternal grandparents were cared for often times by other relatives and friends. The relator had a complete nervous breakdown in the fall of 1937 and a recurrence thereof in 1942, so that it was necessary for her to spend considerable time in a mental institution. According to the evidence of Dr. Johnson, she now is enjoying good health and is able to look after the children, but the learned court below states that the manner in which she gave her testimony indicates that she is still "emotionally unstable."

There is evidence that her father, with whom she and the other 4 children live, is addicted to the excessive use of intoxicants and while under the influence of liquor is abusive to his daughter and her children.

William Logsdon is a farmer, but has other employ-

ment which pays him $75 every two weeks. His house on the farm burned down some time ago and his family is at present living in a building, formerly a garage, converted into a dwelling. It is not commodious, and has but limited comforts, but the evidence shows that the respondents are taking excellent care of these children, clothing them well, sending them to school, where they are making good progress in their studies and stand well in deportment, and that they are regularly attending Sunday School.

The court after a hearing made the following "Temporary Order: Now, to wit, December 22, 1943, after full consideration we have concluded that for the time being we will leave Gerald, William, and Jerome Logsdon in the custody of respondents, William and Nora Logsdon. We will reconsider this situation after the father, Jesse Logsdon, is discharged from military service . . . . ."

An application was made for a reargument, which was refused in an opinion, which shows that the learned court below considered the relator's contentions and carefully weighed all the facts. Express permission was given relator to freely visit her three children. There seems to be no difficulty, however, concerning that matter.

We are mindful that parents have the prima facie right to the custody of their children, but this is not an absolute right and must be forfeited if, as here, convincing reasons appear that the best interest and permanent welfare of the children will be subserved by placing them in the custody of someone else; that is the criterion which controls; all other considerations are subordinate: *Commonwealth ex rel Miller v. Barclay et ux.,* 96 Pa. Superior Ct. 315; *Commonwealth ex rel. Conway et ux. v. Preston et ux.,* 148 Pa. Superior Ct. 182, 184, 24 A. 2d 772; *Commonwealth ex rel. Shelton v. Bush et ux.,* 152 Pa. Superior 580, 582, 33 A. 2d 57. It appears to us that the mother in her state of health

88

and in her present surroundings has her hands full in looking after the 4 young children now in her custody.

We are in entire accord with the conclusion of the learned court below that it is to the best interest of the children in question to remain where they are at least until the father returns from the war. If he obtains employment then and shows an inclination and is capable of maintaining a united family a new application can be made to the court and further consideration will be given to the conditions that then prevail and an order can be made that will promote the children's best interest.

The order of the court is affirmed at appellant's costs.