## Dougherty Adoption Case.

Argued January 6, 1948. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Edward F. Hitchcock,* for appellants.

*Randolph W. Childs,* with him *Albert E. Holl, John Stokes Adams.* and *Adams, Childs, McKaig & Lukens,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1948:

This is an appeal from the decree of the orphans' court of Delaware County refusing a petition for the adoption of a minor. The question is: Where the mother of an illegitimate child abandons it and surrenders its custody to a Children's Aid Society, is the consent of such society necessary to an adoption? The learned

orphan's court judge decided that it was. This appeal followed.

The child sought to be adopted was the illegitimate child of an unmarried woman. Being unable to care for and support her child, the mother abandoned it. She placed it in the custody of the Children's Aid Society of Pennsylvania, with a view to having it adopted. She relinquished custody of the child and in writing consented to have the society arrange for its adoption. The society assumed exclusive charge of the child and has since supported and maintained it.

It was proven that under its rules the society first places a child in its custody in a carefully selected and supervised home for temporary care. The temporary custodian receives agreed compensation for this service. It was testified that the purpose of first placing a child in *temporary* care is for scientifically studying the child, measuring its mentality and determining its aptitudes, with the view of selecting appropriate *adopting* parents. It is also a rule of the society that it will not consent to the *adoption* of a child by an individual having it in *temporary care,* and that it will not place a child in temporary care unless the person who so takes the child agrees that he or she will not petition for its adoption. Another rule of the society is that, wherever possible, adopting parents shall be of the same religious persuasion as that of the natural parent.

The society (appellee), pursuant to its rules, placed the child in the temporary care of appellants on January 2, 1946, who were given written and oral notice that they could not adopt the child. Appellants so agreed. They received compensation for the care of the child. Despite their knowledge of the society's rules, and their specific agreement, appellants determined to adopt the child. By devious surreptitious methods, they were able to search out the mother of the child and secure her written consent to the adoption. A petition for adoption was then filed February 4, 1947. The mother appeared before the

hearing judge and orally gave her consent to the adoption. At a later hearing the mother withdrew her consent to the adoption. The society actively opposed it. Appellants are Protestants. The mother is a Catholic. The child was baptised in that faith.

Judge VAN RODEN, after exhaustive hearings, ruled that the petition for adoption should be denied. In a scholarly opinion he stated that the court had no power to compel the society to grant its consent to the adoption and that, in the circumstances of this case, such consent was requisite under the adoption act. The court, however, suggested a voluntary relinquishment by the society of its rights, which was rejected by the society. The decree of the court below must be affirmed.

The Adoption Act of April 4, 1925, P. L. 127, as amended by the Acts of April 26, 1929, P. L. 822; June 5, 1941, P. L. 93; July 2, 1941, P. L. 229 and the Act of June 30, 1947, P. L. 1180, 1 PS, 1 et seq., and Purdon's Pennsylvania Legislative Service 1947, requires the consent of the parent, except where he or she has *abandoned* the child. Subsection (d) of section 2 of the act provides that: "If the person proposed to be adopted has no father 'or mother living or whose consent is necessary hereunder, then of the legal guardian, if any there be, *and of the person or persons having the legal custody of such child . . .*" (italics supplied).

Adoption being in derogation of common law, statutory provisions with respect thereto must be strictly construed and complied with: *Fisher v. Robinson,* 329 Pa. 305, 308, 198 A. 81; *In re Adoption of Margaret Nolan,* 113 Pa. Superior Ct. 198, 202, 172 A. 477. The hearing judge found that the mother had *abandoned* the child. This finding is amply supported by the evidence. Consent to the adoption by the mother was therefore unnecessary: *Hazuka's Case,* 345 Pa. 432, 29 A. 2d 88; *Schwab Adoption Case,* 355 Pa. 534, 50 A. 2d 504.

There is also a supported finding of fact that the mother delivered the custody of the child to the society,

which has since supported and maintained it. Appellants contend that such action on the part of the mother did not give the society the *"legal custody"* of the child within the meaning of the act. With this we do not agree. This Court has decided that it is not against public policy—as an injury to the public or of good morals—for a parent to surrender legal custody of a child to another where the welfare of the child is intended to be promoted: *Enders v. Enders et al.,* 164 Pa. 266, 30 A. 129; *Book's Estate,* 297 Pa. 543, 147 A. 608. The consent of such a custodian is necessary to an adoption. See: *In re Adoption of Elizabeth McCann,* 104 Pa. Superior Ct. 196, 159 A. 334, and Judge GEST of the Philadelphia Orphans' Court, *In re Saunders' Adoption,* 13 D. & C. 755.

As the status of the society is that of a "legal custodian", we are in accord with the ruling of the learned hearing judge that he did not possess the judicial power to *compel* the society to grant its consent to the adoption.

Appellants urge that despite this obstacle, the *welfare of the child* requires the granting of the adoption petition. *In adoption cases* the welfare of the child may only be considered *after* the statutory requirements have been complied with: *Petition of Sulewski et al.,* 113 Pa. Superior Ct. 301, 308, 173 A. 747. In *habeas corpus* actions for actual custody, or physical possession of a child (wherein an orphans' court has no jurisdiction), *the welfare of the child* receives paramount consideration: *Gard Appeal,* 356 Pa. 378, 381, 52 A. 2d 313. Had the present litigation been in an appropriate court in a *habeas corpus* action, instead of in an orphans' court for an *adoption,* it may well be that consideration for the welfare of the child might transcend rules of the society or agreements of all or any of the parties. Cf. *Commonwealth of Pennsylvania ex rel. Children's Aid Society v. W. Russell Gard and Helen Gard,* 162 Pa. Superior Ct. 415. As this question is not now before us, we express no opinion thereon.

Decree affirmed at the cost of appellants.