## Commonwealth ex rel. Ebel et ux., Appellants, v. King et al.

Argued March 8, 1948. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Louis Rosenfield,* with him *George Little,* for appellants.

*W. I. King* and *Edmund W. Arthur,* for appellees.

OPINION BY FINE, J., April 20, 1948:

Carl Ebel and Elsie Ebel, appellants, filed a petition for a writ of habeas corpus to receive custody of Gary Gue, a three year old boy, presently in the custody of Children's Aid Society of Allegheny County (hereinafter called Society). The answer filed by the Society, appellees, challenged relators' right to maintain the cause of action. The court below, after a hearing, concluded that ". . . relators have no standing to maintain their claim" and entered an order dismissing the writ.

Appellants, in their petition for the writ of habeas corpus, averred that the Society sought, by advertisement in a Pittsburgh newspaper, to secure a foster home for the child; that as a result of appellants having answered the advertisement, the child, then nine months of age, was placed, on September 12, 1945, in their home in Valencia, Butler County, Pennsylvania; that the child remained there from that date until March 7, 1947; that on the latter date the Society advised appellants that the child was to be placed with another family and removed him from appellants' home; that the removal of the child was illegal and in violation of appellants' right to his

custody; and, that it was to the best interests and welfare of the child that it remain with appellants.

The answer to the petition set forth that the Society had been duly appointed custodian of Gary Gue by his mother; that as custodian they entered into an agreement with appellants [1] whereby the latter undertook to

---

[1] "OUR AGREEMENT WITH THE CHILDREN'S AID SOCIETY

1. We, Elsie Ebel and Carl Ebel and . . ., do apply to CHILDREN'S AID SOCIETY OF ALLEGHENY COUNTY for a child or children for boarding home care in our home. We agree to accept any child so placed with us subject to the conditions laid down by the Society *which we recognize has custody.* We agree to hold any such child *subject at all times to the call of the Society.*

2. *We shall never assert any rights, custody or control adverse to that of the Society.* It shall have the right to visit, to inspect and supervise measures taken by us to promote the child's well-being, and to call for the return of or *to remove said child from our custody at any time in its sole discretion* provided only that we shall have been fully paid for board, clothing, medical care and such expenses as are on the Society's expense blank, accrued after the last preceding monthly settlement.

3. We will not remove said child from Allegheny County, Pennsylvania, without the written consent of CHILDREN'S AID SOCIETY OF ALLEGHENY COUNTY. Should we make any change of residence within Allegheny County, we will promptly notify the Society thereof.

4. We understand that any child entrusted to us *is not for placement and adoption, and we covenant not to do any act or thing with a view toward adoption* under pain or forfeiture of this contract and the immediate return of such child to the Society.

5. Separation or divorce between us, or the death of either of us will, at the option of the Society terminate this contract and require the immediate return to the Society of any child held for it.

6. We have read the foregoing contract and conditions and intend to be legally bound thereby.

WITNESS our hands and seals this 21st day of August, 1945. (Italics supplied.)

4-29-46

Mr. Carl Ebel    (SEAL)
Husband

Mrs. Elsie Ebel    (SEAL)
Wife"

provide boarding home care, food, clothing and shelter for the child in return for which they received a stated consideration and agreed to hold the child, subject at all times to the direction of the Society; that appellants have no claim other than to be paid for boarding care pursuant to the agreement, and that the Society is well qualified to care for and promote the best interests of the child.

Appellants adduced evidence at the hearing, on petition and answer, to establish that the best interests and welfare of the boy would be furthered by placing him in their custody, and now contend that the court below erred in (1) refusing to determine that the best interest of the child would be furthered by their custody, and (2) in concluding that as a matter of law they had, by their release of the child pursuant to the provisions of the agreement, no standing to maintain the cause of action.

By their agreement, appellants recognized that the Society had custody and that they covenanted not to "assert any rights, custody or control adverse to that of the Society"; they recognized the Society's right "to remove said child from [their] custody at any time in its sole discretion"; and they covenanted "not to do any act or thing with a view toward adoption." Appellants understood the provisions of the agreement; pursuant thereto they continued to keep the child for boarding home care, with full knowledge of and acquiescence in its terms and conditions and have accepted full monetary compensation for their services. Appellants had a right to receive compensation for care and keeping of Gary Gue and admit that they have been compensated in full.[2] They reaffirmed the agreement when, on March 7, 1947, they returned the child to the Society upon the latter's request. All rights and duties under the boarding home agreement were fully performed. The agreement was

---

[2] A writ of habeas corpus would not have been a proper proceeding to determine such question of compensation: *Commonwealth ex rel. Cummings v. Nearhoof*, 141 Pa. Superior Ct. 581, 584, 15 A. 2d 529.

voluntarily terminated and all relations between the parties with respect to the child ceased. The contract was completely executed.

The order of the court below must be affirmed. To invoke the aid of habeas corpus for the purpose of determining custody of an infant, the petitioners for the writ must show a *prima facie* legal right to such custody. Cf. *Holsey v. Trevillo,* 6 Watts 402; 29 C. J. Habeas Corpus, § 102; 25 Am. Jur. p. 204; § 79.[3] Appellants' proofs have completely failed in this respect. More especially is this so where, as here, the Society has, in a legal manner, acquired the right to the custody of the child. Cf. *Adoption of Mona Lee Dougherty,* 358 Pa. 620, 58 A. 2d 77; *Book's Estate,* 297 Pa. 543, 147 A. 608; *Enders v. Enders,* 164 Pa. 266, 30 A. 129. Appellants have no natural right, blood tie or kinship, nor any contractual right to custody of the child, and have no more standing to maintain habeas corpus than a casual stranger on the street. When the appellants relinquished the custody of the child to the Society pursuant to the latter's request, the contract was extinguished; they were no longer entitled to custody of the boy and they were at the same time relieved of responsibility for the child's care and training. Thereafter, any concern of these matters by them, howsoever laudably and benevolently actuated, or any affection or attachment they had for the boy, did not germinate a legal basis for the writ; their legal rights to custody were no better than those of a stranger or volunteer, and, a mere stranger or volunteer, who is in no way entitled to the custody of, or responsible for the welfare of a child, has no right to the writ, unless entreated for that purpose by the child, its parent, or guardian.

The court below, quite properly, did not discuss the question of the best interests of the child. Where, as

[3] 39 C.J.S., Habeas Corpus § 42 (footnote) ; *In Re Poole,* 29 Am. Rep. 628; *Brown v. Robertson,* 76 S.C. 151, 56 S.E. 786, 9 L.R.A. (N.S.) 1173 and note.

538

here, the controversy is between relators who have shown no right to custody and a society clothed with "legal custody", the inquiry need proceed no further; the writ must be dismissed because appellants have no basis to maintain such action. What was said in *Commonwealth ex rel. Childrens' Aid Society v. Gard,* 162 Pa. Superior Ct. 415, 58 A. 2d 73, has no application here.

Order affirmed.