Commonwealth ex rel. Dogole *v.* Cherry et ux.,
Appellants.

Argued June 13, 1961. Before ERVIN, WOODSIDE,
WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J.,
and WRIGHT, J., absent).

Before SCHWARTZ, J.

*G. Hayward Reid,* for appellants.

*Nathan L. Posner,* with him *Fox, Rothschild,
O'Brien & Frankel,* for appellee.

OPINION BY ERVIN, J., September 12, 1961:

The question to be determined in this case is succinctly stated in appellants' brief as follows: "Where a husband and wife adopt a minor child, and the wife dies, and the husband remarries and joins with his second wife in adopting the said child, should visitation rights with said child be granted to the mother of the deceased first wife, over the objection of the adoptive parents?"

By a decree entered in June 1955 Jacob B. Cherry and his former wife, Mindel Cherry, adopted Howard Cherry, who was born on January 27, 1954. Mindel Cherry died December 18, 1957. Jacob B. Cherry and Bernice Cherry, the appellants, were married on July 19, 1959. By a decree entered in January 1960 they adopted Howard Cherry.

During the illness of Mindel Cherry her mother, Bertha Dogole, the appellee, assisted in the care of the child. After the death of Mindel Cherry, the appellee lived with Jacob B. Cherry for a period of two or three months and assumed responsibility for the care of the child.

After the marriage of the appellants they permitted appellee to visit the child every Saturday. Later on appellee requested visitation at times which would be convenient for a member of her family to call for the child. The appellants refused to change the visitation time and dissension developed and in April 1960 the appellants refused further visitation by the appellee.

The court below felt that this case was controlled by the case of *Com. ex rel. Goodman v. Dratch*, 192 Pa. Superior Ct. 1, 159 A. 2d 70, and awarded visitation rights to Bertha Dogole. We cannot agree with this conclusion. In the *Goodman* case natural grandparents were given the right of visitation to a grandchild, whereas in the present case we are considering the rights of a person who is neither a blood nor an adoptive relative

of the child. It is true that the law will take a child from its own parents and give the child to a third person if the parents are not fit persons to have custody and the best interests of the child will be furthered by so doing. This is not such a case. There was no evidence to show that the adoptive parents were not entirely fit to have custody of the child.

In the case of *Schwab Adoption Case*, 355 Pa. 534, 536, 50 A. 2d 504, the Supreme Court said: "In Pennsylvania a valid adoption severs the child from its natural family tree and engrafts it upon that of its new parentage. Thereafter the child attains the status, in law, of a natural child of the adopting parents: Cave's Estate, 326 Pa. 358, 192 A. 460."

It is our opinion that adoptive or natural parents should have the right to select the persons with whom their child will associate as long as they properly perform their duties to the child. To take this right away from proper parents would not be for the best interest of the child.

Decree reversed.

---

Concurring Opinion by Montgomery, J.:

I join in the result reached by the majority only because I feel bound by the ruling in *Commonwealth ex rel. Ebel v. King*, 162 Pa. Superior Ct. 533, 58 A. 2d 484, to the effect that a mere stranger or volunteer who is in no way entitled to the custody of, or responsible for the welfare of a child, has no right to a writ of habeas corpus for custody of the child.

Some question on this point may be inferred from the majority opinion in *Commonwealth ex rel. Children's Aid Society, Guardian v. Gard*, 362 Pa. 85, 66 A. 2d 300, wherein such a person was recognized as a proper appellant and given custody. Justice Patterson discusses this in his dissent in that case. However, since it is not sufficiently clear that it was in-

tended by the majority in the *Gard* case to overrule *Ebel v. King* on this point, I shall respect the ruling of the latter and concur.