## McGUNIGAL *v.* MONG.

An indenture of apprenticeship executed by the master and mother of an illegitimate son, under the age of seven years, and not party to the deed, will render the master liable on the agreements therein, to the apprentice, if he have complied with the terms of service on his part.

The apprentice not being a party to the indenture, case is the proper remedy for him.

Settlement between master and apprentice shortly after the term of service expired, jealously examined by courts.

IN error from the Common Pleas of Huntingdon.

*May* 20. The plaintiff brought this action on the case against the executors of Mong, to whom he had been bound an apprentice, for not teaching him the trade, and giving him schooling according to the agreement. On the trial, the plaintiff gave in evidence an indenture sealed by his mother (he being illegitimate) and Mong, by which the plaintiff was bound for fourteen years; the master covenanting to teach him the trade of a tanner, and have him taught to read and write. The plaintiff was not a party to this instrument, which was acknowledged before a magistrate. He then proved that at the time this deed was made he was under seven years of age, and gave evidence that he had lived with Mong, and had not acquired the trade of a tanner, but had been employed a good deal of his time on the farm; and also of the insufficiency of his instruction in reading and writing. The defendants gave evidence, that plaintiff was reluctant to work at his trade and to attend school, but pre-

z 2

ferred farming, which he attended to when permitted. They then proved that plaintiff and Mong, about a month after the term of service expired, went to the justice who held the indenture, who read it wholly or in part to them, and asked if they were satisfied that it had been fulfilled on both sides; both answering in the affirmative he delivered the deed up to the plaintiff, as was his custom with other apprentices.

The court (WILSON, P. J.) told the jury that the deed, as an indenture of apprenticeship, was of no validity without an execution of it by the plaintiff, and then the action would have been properly covenant. But that plaintiff alleged this paper was evidence of the conditions on which he had served Mong under a verbal agreement. If this was the agreement, they were to determine whether plaintiff had performed his part, and then whether the master had done his duty. If they found it was through his own fault or neglect that he had not been instructed, the master was relieved, as he had no power to compel him to learn, since he was not bound to him. And that if the settlement after the term of service expired was made without fraud or imposition on the part of the master, the plaintiff was bound by it, as he was then of competent age.

The charge of the court denying the validity of the instrument as an indenture of apprenticeship, and saying that the master would be excused under such circumstances, if the plaintiff was permitted to follow his own choice and learn farming instead of his trade, and the charge with respect to the subsequent settlement constituted the six errors assigned.

*Cremer* and *Fisher*, for plaintiff in error.

*Mills*, contrà.—The record shows no cause of action, for it should have been on the indenture in the name of the mother to the use of the present plaintiff; 16 Serg. & Rawle, 241. The indenture was, moreover, wholly void for want of execution by the apprentice. 1 Ashm. 123. The mother cannot bind her child, especially not an illegitimate; 4 Binn. 492. But be these points as they may, the plaintiff had every possible advantage. The court deciding that if this was the contract, and plaintiff had performed his part, Mong was liable in this action on all the agreements contained in the covenants. The charge as to the cancellation was entirely in accordance with 1 Serg. & Rawle, 332.

*June 4.*  BURNSIDE, J.—Pauper children, whether legitimate or not, are inseparable from the mother within the years of nurture;

that is, under the age of seven years. (41 Law Lib. 64; McPherson on Infants, 67.) Even the putative father has no right to the custody; until the child is seven years of age it shall stay with the mother for nurture; 2 Vent. 210; 2 Wilson, 126; 2 Bouvier's Bac. Ab. 97. In The King v. Soper, 5 Term Rep. 278, Lord Kenyon would not permit the question to be argued, but decided that the putative father had no right to the custody, and ordered the child into the keeping of the mother. This is the law in New York; 2 Johns. Rep. 376; 15 Johns. Rep. 209; and is so determined in Pennsylvania, in the Commonwealth v. Fee, 6 Serg. & Rawle, 255.

In the case before us, the child was illegitimate, and was bound by the mother an apprentice before it was out of the age of nurture, to George Mong, until he arrived at the age of twenty-one years, to learn the art, trade, and mystery of a tanner. It is true, that by the common law, a bastard is deemed to be *filius nullius*, has no father, but I apprehend none ever came into this Commonwealth without a mother. That mother the law binds for its maintenance, and the law deems it to be settled where the mother had a settlement at the time of the birth. The mother placed the child by an indenture under her hand and seal to George Mong. He also executed the indenture under his hand and seal with the usual covenants. The child did not sign the indenture. He went to the master, and there remained as an apprentice for the period his mother covenanted he should serve. In binding an infant apprentice by the overseers of the poor, it is not necessary that the infant should join in the indenture; Commonwealth ex rel. &c. v. Jones, 3 Serg. & Rawle, 158. Nothing can be more absurd than to require an infant at the breast, or under seven years, within the age of nurture, to put his hand and seal to an indenture to make it binding. But this is not a case in which either the mother or the apprentice claims to be relieved from the binding. In this action the apprentice alleges, and is bound to prove performance of his mother's covenants, and the question is, after the infant has served out his time, whether the law will permit the master who was no infant, to turn round and say, "true, you did your duty and performed your mother's covenants, but as you did not put your hand and seal to the paper, my hand and seal goes for nothing, and I am relieved from fulfilling my duty." The law is not so absurd. A slave who has been defectively registered under the act of 1780, so as to be entitled to his freedom, but who has nevertheless continued until an advanced age a slave *de facto*, has a settlement in

the township where his master resides; 6 Serg. & Rawle, 103. The wisdom of the law will not permit a master who has held an infant to the end of his apprenticeship in accordance with the indenture, to turn round and say he was imperfectly bound, and my covenants do not bind me to do my duty to the apprentice. In such a case it would be a disgrace to the jurisprudence of our state, to permit a master to say, the mother had no right to bind her infant, therefore, I will disregard my engagements.

The court fell into another error, in deciding an action on the case could not be maintained by the plaintiff. Where a wrong is done by one person to another, the law always affords a remedy. McGunigal could not have recovered in an action of covenant, because he had not signed and sealed the indenture. Case was the only action he could support. The covenants were entered into between Mong and the mother, for the benefit as well of Mong as of her child. Mong was of full age when he executed the indenture, for a good consideration. The law is, that when a deed is executed by one party only, the action must be in assumpsit; 1 Ch. Pl. 115; 3 Esp. Rep. 42. The form of the action gives the defendant full notice, and enables him to make every just defence.

We do not approve of the doctrine in the charge, that it was altogether at the boy's option to learn the trade or not. It was the master's duty to instruct him, and to keep him closely and industriously employed at the business. If the master had given him proper opportunity and instruction to make him learn, and the boy was obstinate and neglectful of his duty, it would go far in mitigation of damages. When the master had done his duty, if the boy did not learn his trade, he would have no ground to complain. The same principles will apply to the schooling. It was the duty of the master to give him an opportunity to go the proper period to school; if he would not learn it was his own fault, or that of the schoolmaster. The doctrine in the charge does not meet our approbation, that the lifting of the indenture from Squire Van Trus, under the evidence before us, was a bar to the plaintiff's right to recover. The law looks with a jealous eye upon settlements made by persons soon after they come of age, and before they are fully acquainted with their affairs; Elliot v. Elliot, 5 Binn. 8; Say's Executors v. Barnes, 4 Serg. & Rawle, 114. Chancery books are full of this subject, and every case must depend on its own circumstances.

Judgment reversed, and a *venire de novo* awarded.