Opinion by
 

 Hirt, J.,
 

 Yvonne Hawthorne, the illegitimate child involved in this appeal, was born on April 1, 1938 and was then placed in the custody of Mrs. Virginia Latney on the agreement of the mother to reimburse her for the cost of maintenance. On the mother’s failure to pay the agreed cost of support, Mrs. Latney on August 2, 1938 brought the child into juvenile court on an allegation of dependency. The court, after hearing, found the child dependent and ordered that she “be returned to the custody of her mother, Myrtle Hawthorne, to be placed with Mrs. Latney under the supervision of Probation Officer.” Mrs. Latney continued to maintain the child in her home under this order until August 1, 1940, when the court on the petition of the mother, ordered “Yvonne returned to the custody of her mother, to be placed with Mrs. Daly,” a sister of the mother of the child. Mrs. Latney’s appeal questions the propriety of that order.
 

 Even before the modern statutes, it was held in
 
 Moritz v. Garnhart,
 
 7 Watts 302 that “Though a bastard be not looked upon as a child for any civil purpose, the ties of nature are respected in regard to its maintenance” and the general rule has been that the right of a mother to the custody of an illegitimate child, is superior to that of all other persons for, ordinarily, the best interests of the child can be served by maternal care.
 
 Com. v. Fee,
 
 6 S. & R. 255;
 
 Pote’s Appeal,
 
 106 Pa. 574. The right of the mother to custody, however, carries with it the legal obligation to maintain the child and that burden is upon her.
 
 McGunigal v. Mong,
 
 5 Pa. 269. The relationship of parent and child is no
 
 *22
 
 more than a status, and does not create a property right. In re:
 
 Minor Children of Rosenthal,
 
 103 Pa. Superior Ct. 27, 157 A.
 
 342; Com. ex rel. v. Daven,
 
 298 Pa. 416, 148 A. 524. Accordingly, a mother may forfeit her right to the custody and control by abandonment or by failing in her duty to support
 
 (Adams v. Adams,
 
 50 Vt. 158) or by unchaste or other improper conduct detrimental to the welfare of the child. 7 Am. Jur., Bastards, §§62, 65. The mother’s right to custody or control is not absolute but must give way to the best interests of the child, which is the paramount consideration and the decisive factor.
 
 Com. ex rel. Settlemire v. Stephens,
 
 127 Pa. Superior Ct. 188, 193 A. 80;
 
 Heritage v. Hedges,
 
 72 Ind. 247; 51 A. L. R. 1507, 1515;
 
 Beaver's Appeal,
 
 121 Pa. Superior Ct. 159, 182 A. 744. “The cardinal consideration is ever the welfare of the child, which includes its physical, intellectual, moral and spiritual well being. To this the rights of parents and all other considerations are subordinate”;
 
 Com. ex rel. v. Daven,
 
 supra. Even as to legitimate children “when father and mother are living together, a court has the power, if the best interests of the child require it, to take it away from both parents, and commit the custody to a third person. In other words, a court of chancery stands as guardian of all children, and may interfere at any time, and in any way, to protect and advance their welfare and interests.”
 
 Petition of Frank B. Bort,
 
 25 Kan. 308, cited as a leading authority in
 
 Com. ex rel. Daven
 
 and in In re:
 
 Minor Children of Rosenthal,
 
 supra. The Juvenile Court has like power.
 
 Com. v. Fisher,
 
 213 Pa. 48, 62 A. 198.
 

 The fact that Myrtle Hawthorne was the mother of this child did not characterize her as an unfit person, but the birth of a second illegitimate child has a direct bearing on that question. Moreover, the estimate of the probation officer assigned to the case, was that she was “egocentric, irresponsible, promiscuous and uncon
 
 *23
 
 trollable” and that she bad made no attempt to assist Mrs. Latney in caring for the child. She- was belligerent in her attitude and speech. She had some measure of affection for the child but her feelings were not expressed by accepting any. responsibility for its care or training. Her moral standards were low and her reputation, generally, was bad. She had been involved in a number of questionable transactions among them the larceny of a watch which was pawned by a friend, though she was not prosecuted. Her ill feeling toward Mrs. Latney began when the latter took exception to her immoral conduct. She petitioned the court for a change of custody, not in the best interests of the child but in a vengeful mood to punish Mrs. Latney, who after maintaining the child for more than three years had become attached to it. It is uncontradicted that she was several hundred dollars in arrears in her agreed payments for support and that the last small payment received by Mrs. Latney was in September 1939.
 

 Notwithstanding the immoral character and the serious delinquencies of the mother and her failure to perform her legal obligation to pay the cost of maintenance, the'court was “of the opinion that the mother is entitled to have the child and place it where she pleases as long as the home where it is put is a desirable place.” In this view, reflected in the order appealed from, there is error. The removal of the child from the home of Mrs. Latney was not ordered in the best interests of the child, but in attributing a right to the mother to control the selection of the custodian of her child — a right which did not exist. The mother by her conduct and her failure to support the child, clearly had forfeited every right in relation to its custody.
 

 The child was well placed with Mrs. Latney and while in that home received the best of care. Mrs. Daly also was found to be a proper person to care for the child, though her house is small and the child is now
 
 *24
 
 sharing a hall bedroom with two other children. It is not for us to decide between them. That is the function of the juvenile court and the case will be remitted for the purpose of determining the question of custody from the sole viewpoint of the best interests of the child. On that question, the fact that Mrs. Latney, up to the time of the order in question, had properly cared for the child is a consideration of weight and importance.
 
 Com. ex rel. Settlemire v. Stephens,
 
 supra.
 

 Order reversed with a procedendo.