## Commonwealth ex rel. Keenan *v.* Thomas et ux., Appellants.

Argued December 14, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Harry M. Jones,* with him *Horton Smith,* for appellants.

*Ralph J. McAllister,* with him *Paul W. McAllister,* of *McAllister & McAllister,* for appellee.

OPINION BY KELLER, P. J., January 28, 1943:

A petition for writ of habeas corpus was filed on September 18, 1941 by the relator, Joseph Keenan, to obtain from the respondents, Lloyd Thomas and Emma Thomas, his wife, the custody and possession of his daughter, Barbara Jo Keenan, a child sixteen and a half months old. The child had been left in the care of Mrs. Thomas by the relator on November 2, 1940, when she was six months old, because of the tuberculosis of her mother, relator's wife—who had been ordered to go to a sanitarium and who died a month and a half thereafter—and his own infection with the same dis-

ease. The relator has married again and his wife is desirous of having the child returned to her husband and herself. He also contended that he had fully recovered his health.

After several hearings and a number of postponements in order to determine the physical condition of the relator and whether he had an infectious tubercular condition, which might be a source of danger to the child, it was determined that he had not, and on October 16, 1942 the court awarded the custody of the child to her father, the relator. The respondents appealed.

The Act of July 11, 1917, P. L. 817, authorizing appeals to this court in habeas corpus proceedings involving the custody of children, provides that we "shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal or modification of the order appealed from, as to right and justice shall belong."

We have given the testimony the consideration that a matter of such importance deserves and are of opinion that the best interests of the child—which is the rule by which we are to be guided—call for the affirmance of the order.

*Commonwealth ex rel. Miller v. Barclay et ux.*, 96 Pa. Superior Ct. 315, was a proceeding by a father for the custody of his three year old daughter, who had been placed by him in the home of his sister, following the death of the mother of the child four days after her birth. At the time of the proceeding, the father had been married again to a worthy woman and was able to provide a proper home for the child, but his sister and her husband had grown to love the child and wanted to keep her and refused to give her up. We said, in affirming the order of the court below, which awarded the custody of the child to the father, (omitting the citations) : "It is the law of this Commonwealth that parents, prima facie, have the right to the custody

of their children. This right is not an absolute one; it may be forfeited by the misconduct of the parents, or for other substantial reasons affecting the welfare of the child. The criterion is the best interest and permanent welfare of the child; but 'the legal right of the parent to the custody, care and companionship of his children is not to be interfered with except for the most substantial reasons affecting their welfare'. Ordinarily, a parent is entitled to the custody of his infant child, the right growing out of the obligation to maintain and educate it. This is not because of any absolute right in the father, but for the benefit of the infant, the law presuming it to be for its interest to be under the nurture and care of its natural protector, both for maintenance and education. The law proceeds on the theory that as a general rule the permanent welfare of the child is best promoted by entrusting it to its natural guardian, its parent, and strong reasons must appear for a departure from the usual course. That respondents have become greatly attached to their niece is not a sufficient reason in law for depriving the father of his natural right to the custody, care and companionship of his child, when he has done nothing to justify such interference." (pp. 317-318).

These governing principles were repeated by us in *Com. ex rel. Fell v. Brown*, 100 Pa. Superior Ct. 353, and *Com. ex rel. Ganster v. McGee et ux.*, 103 Pa. Superior Ct. 12, 157 A. 345, which were somewhat similar in their facts to the present case, but in which the respondents had even a stronger position than these respondents have, because they were maternal grandparents of the children, while these respondents are not related to this child. They hold that this prima facie right of the parent to the custody of the child is not lost by his failure to contribute to its support while in the care of respondents—See also, *Com. ex rel. Cummings v. Nearhoof*, 141 Pa. Superior Ct. 581, 15 A. 2d

529—nor by loose representations or even agreements—short of actual adoption—made when the parents (or parent) were under strain or distress in consequence of which they were then unable properly to care for their child or children and felt obliged to intrust them to others.

The respondents, Mrs. Thomas and her husband are worthy, estimable people, who have given this child a good home, and are in every way able and willing to continue the loving care they have bestowed upon her. But we are of opinion that the natural tie between parent and child is such that in the absence of stronger reasons than are present in this case, the law presumes that it is to the interest and benefit of the child to be under the nurture and care of its natural protector, its parent, both for maintenance and education.

The assignment of error is overruled and the order is affirmed. Costs to be paid by appellants.