Commonwealth ex rel. Self *v.* Self et al.,
Appellants.

Argued October 11, 1943. Before KELLER, P. J.,

BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Louis Rosenfield,* with him *George Little,* for appellants.

*Louis L. Kaufman,* for appellee.

OPINION BY BALDRIGE, J., October 29, 1943:

The correct title to this case should be Commonwealth ex rel. Ruth Boldstridge v. William Self and Zoe Self. It was Ruth Boldstridge, not Florence Self, who filed a petition for a writ of habeas corpus to obtain possession of her five year old daughter, Florence Self, now in the custody of the respondents. After the child, following a hearing, was awarded by the court below to the mother we ordered that the appeal taken to this court should operate as a supersedeas.

The testimony disclosed that Ruth Boldstridge in 1935, when she was nineteen years of age, met William Self, four years her senior. They began living together and as a result of their illicit relationship Florence was born to them on June 5, 1938. Another child, known as William Fleetwood, Jr., was born to them on May 20, 1939. The petitioner testified that she had urged Self to marry her as she had an affection for him and desired to make a home for the children. He refused to comply with her repeated requests and as a result she left him in January 1940. As she had no income she had to secure employment and as a consequence she

was unable to give the children a home and provide for them. The baby boy was placed temporarily with a woman and Self took the little girl to his paternal aunt, Zoe Self, a single woman then sixty-three years of age who lives with a sister now past ninety. These respondents have had the custody of the little girl for the past three and one-half years. In 1942 the petitioner, while working in Buffalo, New York, met Raymond Joseph Boldstridge, an oiler on a lake boat and a resident of Duluth, Minnesota. He asked her to marry him. She then told him of her former illicit relations with Self and that as a result thereof she was the mother of two children. Boldstridge insisted that he wanted to marry her notwithstanding the disclosure of her former life. She then visited his family and they approved of the marital plans, and a marriage occurred in Duluth February 20, 1942.

During the spring or early summer of 1943 a child was born to this union. Shortly after the marriage the petitioner obtained possession of William and he is now with her. The petitioner's husband desires that his wife obtain possession of Florence and is willing to assume the responsibility of a father toward the child.

There is no dispute relative to the well recognized rule that in a proceeding where the custody of a child is involved the paramount issue is to determine what is for its best interests and permanent welfare; all other considerations are subordinated thereto. *Commonwealth ex rel. Conway et ux. v. Preston et ux.*, 148 Pa. Superior Ct. 182, 24 A. 2d 772. *Commonwealth ex rel. Keenan v. Thomas et ux.* 151 Pa. Superior Ct. 131, 30 A. 2d 246. The record in this case indicates that the petitioner since her marriage has not been guilty of immoral conduct and is otherwise conducting herself properly; that she and her husband, who is a steady worker, have established a home where this little girl can receive the care of her mother and have the companionship of her little brother and sister.

Miss Self seems to be a worthy woman and has taken good care of the child, but we are convinced, as the court below was, that the permanent welfare of the child will be best subserved by giving her into the custody of her mother. See *Commonwealth ex rel. Cummings v. Nearhoof et ux.* 141 Pa. Superior Ct. 581, 15 A. 2d 529.

The order of the court below is affirmed at appellants' costs.