Commonwealth ex rel. Minnick *v.* Wilson et ux.,
Appellants.

Argued March 14, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, DITHRICH, ROSS and ARNOLD, JJ. (RENO,
J., absent).

*Lee Francis Lybarger,* for appellants.

*William L. Showers,* for appellee.

OPINION BY ROSS, J., July 19, 1946:

This is a habeas corpus action brought by the mother of an infant girl against its foster parents to secure its custody. The court below on August 20, 1945, awarded custody of the child to the mother, and the foster parents appeal to this court.

On July 10, 1943, the relatrix, at that time sixteen years of age and unmarried, gave birth to the child involved in this proceeding. After the child was born in a hospital in Philadelphia, the mother, who was employed in Washington, D. C., took the baby to the home of her half-sister, Esther Walter, and the latter's husband, William H., in Philadelphia. About six weeks later the relatrix mother returned to her employment in Washington, leaving the child in care of her sister but returning from Washington each week to see the baby. To conceal its illegitimacy the baby was named Judith Ann Walter, and Ruth E. Wilson, one of the respondents and the mother of William H. Walter, was told that the child had been born to the Walters. Later William Walter was inducted into the armed services and Esther Walter enlisted in the WAC. On April 10, 1944 the child was taken to the home of the respondents in Mifflinburg, where it remained until delivered into the custody of the relatrix pursuant to the order of the court below. During that time, the relatrix made frequent trips to the respondents' home in Mifflinburg to see her child but did not disclose its maternity until a few months before this action was started on July 7, 1945. There is no dispute that the respondents rendered excellent and loving care to the child and treated her as their own grandchild, as they believed her to be.

The Act of July 11, 1917, P. L. 817, sec. 1 (12 PS sec. 1874), in providing for an appeal in a habeas corpus proceeding involving the custody of children, provides that the appellate court "shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal, or modification of the order appealed from, as to right and justice shall belong."

The burden is upon the appellants to establish that the decree of the court below is, under the evidence, manifestly erroneous or based on a mistake of law (*Commonwealth ex rel. Ellmore v. Butler,* 84 Pa. Superior Ct. 291), and from our reading of the testimony we are of the opinion that the appellants have not met the burden of establishing error in the order of the court below.

It has been the usual practice in Pennsylvania ever since the case of *Commonwealth v. Addicks,* 5 Binney 520, where no reason appears to the contrary, to commit a child of tender years to its mother. Ordinarily the needs of a child of tender years are best served by the mother who, in the common experience of mankind, is better fitted to have charge of it (*Commonwealth ex rel. Keller v. Keller,* 90 Pa. Superior Ct. 357; *Commonwealth ex rel. Stark v. Stark,* 94 Pa. Superior Ct. 86), and this is not affected by the illegitimacy of the child. As stated by Hirt, J., in *Latney's Appeal,* 146 Pa. Superior Ct. 20, 21 A. 2d 429, at page 21, ". . . the general rule has been that the right of a mother to the custody of an illegitimate child, is superior to that of all other persons for, ordinarily, the best interests of the child can be served by maternal care."

As stated by the learned court below, "There was not a scintilla of evidence that the mother was unfit . . . to have the child". She is employed at a good salary in Washington, D. C., and maintains a three-room apartment there, where she intends to take the child. She testified that she planned to be married within a short time, and her intended husband appeared as a witness and corroborated her testimony, stating, also, that he was employed at a salary of approximately $4,000 a year and that he proposed to adopt the child immediately after the marriage.

As we have stated many times, in a proceeding where the custody of a child is involved, the paramount issue is to determine what is for its best interests and permanent welfare and all other considerations are subordinated thereto.

The court below, who saw and heard the parties and their witnesses, decided the issue in favor of the mother and after a careful consideration of the testimony, we believe that the child's welfare and best interests will be better served by awarding custody to the relatrix. The evidence clearly supports the conclusions of the court below; and our review of the proceedings causes us to agree with those conclusions.

Order and decree affirmed.