Commonwealth ex rel. Williams, Appellant, *v.* Price.

Argued March 24, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Ben Bernstein,* for appellant.

*Walter N. Kennedy, Jr.,* for appellee.

OPINION BY RENO, J., July 20, 1950:

This is a habeas corpus proceeding for the custody of a five-year-old child born out of wedlock. The court below found that the mother, the relatrix, had abandoned the baby when two months old, and that it would be to the best interest and permanent welfare of the child to allow her to remain with respondent. From this decree the mother has appealed.

The child was born March 19, 1944. Approximately two months later appellant begged respondent to take the baby, since she was unable to provide a home for her. Nothing was said as to appellant's future plans for the baby and respondent remained away from work for several days to find a suitable nursery. The child has been nurtured by respondent, who is the only mother the child has known. The putative father acknowledged the child, and commencing probably in October, 1945, has given appellant sums of money, stated variously in the testimony as $10 to $15 a week for its support. However, there is nothing in the record to indicate respondent received any of this money.

Appellant's excuse for her infrequent visits to see her child was that respondent moved about and she was unable to locate her. This appears unlikely in the light of respondent's testimony that she moved only three times during the last five years. A mutual friend of the parties, Mrs. Saunders, testified she had lived

across the street from respondent since 1942, and they visited daily. Appellant could easily have learned of respondent's change of address had she been so inclined. Mrs. Saunders was present when the baby was given to respondent, and she testified appellant did not visit the child or even attend the christening.

Two and one-half years after relinquishing custody of her child, appellant instituted this action. At the original hearing in October 1946 she informed the court that by the first of the year she and the putative father would be married, and the trial judge accordingly withheld decision in the case. But they were not married until November 27, 1948. Subsequent to the first hearing appellant contributed $7.50 for the support of the child but this practice lasted only 21 weeks. She has paid nothing since March 26, 1947, because, as she said, "I didn't see the use of paying it when I didn't have custody of the child."

It is conceded that the natural mother and respondent are equally fit and of good moral character. Their living conditions and station in life are practically equal and the difference between their earning capacity is not sufficient to affect our decision. Appellant did state she would discontinue her employment to care for the child, while in respondent's custody the child must be kept in a nursery during the day. However, the strong ties of affection which have bound this child to its foster mother cannot be entirely disregarded. *Com. ex rel. Children's Aid Society v. Gard,* 362 Pa. 85, 66 A. 2d 300. The burden is upon appellant to establish that the decree of the court below is, under the evidence, manifestly erroneous or based on a mistake of law. *Com. ex rel. Minnick v. Wilson,* 159 Pa. Superior Ct. 230, 48 A. 2d 27.

As a general rule the mother has a prima facie right to the custody, care and companionship of a child of tender years. *Com. ex rel. Shelton v. Bush,* 152 Pa. Supe-

rior Ct. 580, 33 A. 2d 57; *Com. ex rel. Levinson v. Levinson,* 162 Pa. Superior Ct. 563, 59 A. 2d 625. This is so even though the child is born out of lawful wedlock. *Com. ex rel. Human v. Hyman,* 164 Pa. Superior Ct. 64, 63 A. 2d 447; *Com. ex rel. Minnick v. Wilson,* supra. This right is not absolute but must yield to the best interests and welfare of the child. *Com. ex rel. Keenan v. Thomas,* 151 Pa. Superior Ct. 131, 30 A. 2d 246; *Com. ex rel. Kreiling v. Kreiling,* 156 Pa. Superior Ct. 526, 40 A. 2d 704; *Com. ex rel. Miller v. Wagner,* 160 Pa. Superior Ct. 536, 52 A. 2d 235. The right may be lost or forfeited by abandonment or failure to support. *Latney's Appeal,* 146 Pa. Superior Ct. 20, 21 A. 2d 521; *Com. ex rel. v. Cook,* 122 Pa. Superior Ct. 397, 186 A. 229.

Appellant's apparent indifference as to the support of her child, although adequate means were available, her infrequent visitations, her unexplained delay of almost two years before marrying the putative father, although cognizant that her marriage would facilitate her obtaining custody of the child,[1] and her failure to attend the christening are all matters which weigh heavily against her.

It was unfortunate that appellant, through adverse circumstances, was compelled to leave the child with respondent but she cannot escape the consequences of that act. *Com. ex rel. Brown v. Lane,* 90 Pa. Superior Ct. 350. Where a mother by her conduct evinces a settled purpose to forego parental duties and relinquishes parental claim to the child for almost five years, she has clearly abandoned the child and such action offsets any superior right she might have had as the natural mother.[2]

---

[1] The trial judge remarked at the time of the first hearing that he felt the child should go to the mother if the parties married.

[2] If a child for its own welfare and best interest is left *temporarily* with some relative, such as a grandparent, it might not be considered an abandonment of the child. *Wanner v. Williams,* 117

*Weinbach's Appeal,* 316 Pa. 333, 175 A. 500; *Hazuka's Case,* 345 Pa. 432, 435, 29 A. 2d 88; *Com. ex rel. Piper v. Edberg,* 346 Pa. 512, 31 A. 2d 84; *Davies Adoption Case,* 353 Pa. 579, 46 A. 2d 252; *Schwab Adoption Case,* 355 Pa. 534, 50 A. 2d 504.

Of course, the paramount consideration in cases of this nature is at all times the welfare of the child, which includes its physical, intellectual, moral and spiritual well-being, and all other considerations are subordinate. *Com. ex rel. v. Daven,* 298 Pa. 416, 148 A. 524; *Com. ex rel. Self v. Self,* 153 Pa. Superior Ct. 443, 34 A. 2d 263.

We have made an independent examination of all the evidence as we are required by the Act of July 11, 1917, P. L. 817, §1, 12 P. S. §1874. *Com. ex rel. Lewis v. Tracy,* 155 Pa. Superior Ct. 257, 38 A. 2d 405; *Com. ex rel. Children's Aid Society v. Gard,* 162 Pa. Superior Ct. 415, 58 A. 2d 73.

In our opinion the well-being of the child will be better protected by leaving her with respondent, who has given her a mother's love and devotion. It is also significant that the child is desirous of remaining with respondent whom she calls mother. *Com. ex rel. Flannery v. Sharp,* 151 Pa. Superior Ct. 612, 30 A. 2d 810. On the other hand, appellant has been unmindful of her obligations as a parent, and her affection for the child so stifled that her conduct amounts to an abandonment and relinquishment of her parental rights which she cannot reassert at will.

Order affirmed.

---

Pa. Superior Ct. 59, 177 A. 329; *Com. ex rel. Lamberson v. Batylko,* 157 Pa. Superior Ct. 389, 43 A. 2d 364. Abandonment is really a question of intent and when it becomes complete is a question of fact. *Hazuka's Case,* supra.