## Commonwealth ex rel. Berg, Appellant, *v.* The Catholic Bureau.

Argued October 4, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Louis Wagner,* with him *Stephen J. McEwen,* for appellant.

*John Justin McCarthy,* with him *Michael J. O'Donnell* and *Richard T. McSorley,* for appellee.

OPINION BY HIRT, J., November 14, 1950:

The question, here on habeas corpus, is whether this appellant, the mother of a child born out of wedlock, may recover custody of her infant son after having formally surrendered the child to the respondent for adoption by persons to be selected by it.

Relatrix during her pregnancy consulted the Children's department of the respondent Bureau and was assured that a home would be found for her child. On

July 18, 1949, eight days after the child was born, when she again contacted the respondent she was informed, according to her testimony, that the Bureau would take the child for adoption or not at all. That was denied by a representative of the respondent who testified: ". . . we told her if she was undecided about adoption placement we would recommend a licensed boarding home, but she said she thought the adoption placement would be better". On the above date relatrix delivered the child to the respondent and executed a so-called "Indenture" containing this provision: ". . . the said mother Dolores Berg, for herself, her heirs, executors and administrators, does/hereby give and grant unto the said CATHOLIC CHILDREN'S BUREAU, its successors and assigns, the care, custody and control of the said minor child; hereby waiving and releasing all claims and demands of any character as parent to the said child, and completely surrenders the said child to the said Bureau for the purpose that the said child may be either retained as a charge of the said Bureau, or may be placed for adoption by a person or persons found suitable in the exclusive judgment of the said Bureau . . . it being the intention of the said mother to surrender completely the permanent care and custody of the said child, and to consent freely and permanently to the adoption of the said child by such person or persons so selected by the said Bureau . . ." Immediately thereafter the child was placed by the respondent with a husband and wife for ultimate adoption by them at no cost to relatrix. The hearing judge supported the respondent in its refusal to disclose the identity of the persons who have custody of the child. There is evidence, however, that these unnamed persons are of excellent reputation and the court found from "a careful examination of the character and circumstances of the family which has the child . . . that the child will have a good home. . .".

In September 1949 relatrix notified the Bureau that she wanted to get the child back and on October 21, 1949, petitioned for habeas corpus to compel the respondent to return the child to her. The court after hearing, by order dated November 30, 1949, awarded the custody of the child to relatrix. That order however was never executed. When the court in December 1949, on the application of relatrix, ordered the respondent to produce the child, the Bureau in lieu of compliance, petitioned the court for a rehearing. On that petition a rehearing was granted on January 6, 1950. Additional testimony was taken, almost all of which was wholly irrelevant, and the court on June 23, 1950, reversed its first order and dismissed the petition, in effect refusing to disturb the placement of the child by the respondent with an unidentified married couple, for adoption by them.

The present question, in every legal aspect, has been put at rest by the comprehensive opinion of the late Chief Justice in *Com. ex rel. Children's Aid Soc. v. Gard*, 362 Pa. 85, 66 A. 2d 300. We may take these principles to be settled on that authority: A child is not a chattel and therefore cannot be made the subject of a contract by a parent, with the same force and effect as a gift or conveyance, or grant of property, irrevocably or otherwise; the relationship of parent and child is a status and not a property right; the doctrine of the integrity of written instruments has no materiality and since the welfare of the child is the determining factor, the court in the exercise of its equitable powers may ignore a bargain previously made by a parent in parting with a child; regardless of any gift or contract the court at any time has the power to make such disposition of a minor child, as the circumstances of the case demand, having always in view the best interest of the child. Accordingly, the formal written grant of the infant in this case to respondent by

relatrix, though in irrevocable terms, is not binding upon her and in our view is a factor of secondary importance in this dispute over the custody of the child.

Relatrix is 29 years of age. One of her two marriages had been annulled and the other ended in divorce. Subsequently she became intimate with one Brennan, the father of the child, but it is not charged that she ever was promiscuous. These facts standing alone do not stamp her as unfit to have custody of her child (Cf. *Com. v. Addicks*, 5 Binn. 519) and the court in awarding custody of the child to her in the first instance, did not consider her unworthy. Moreover, the additional testimony at the rehearing does not affect that conclusion.

Relatrix testified that she was emotionally disturbed by her predicament and that she signed the agreement placing her child with respondent from necessity. She was distracted and could recognize no alternative. She had no suitable home for herself and the child at the time and was unable then to provide one. On a change of circumstances she moved with reasonable promptness—about three months after the birth of the child—to regain its custody.

By the Act of July 11, 1917, P.L. 817, 12 PS §1874, it is for us to consider the testimony and make such order on the merits as "to right and justice shall belong". In our view of the entire record in this case this mother was justified in reopening the question of the custody of her child. She had not abandoned her child and she has not forfeited her right to custody on that ground. In general, the right of a mother to the custody of an illegitimate child is superior to all others, for ordinarily the best interest of the child will be served by maternal care. *Latney's Appeal*, 146 Pa. Superior Ct. 20, 21 A. 2d 521; *Com. ex rel. Williams v. Price*, 167 Pa. Superior Ct. 57, 74 A. 2d 668. Under the circumstances this proceeding, in our opinion, must

be remitted to the lower court for further hearing. The question for determination will be whether this mother can provide a suitable home for her child. The putative father has admitted his paternity, by pleading guilty to the charge of fornication and bastardy, and the court undoubtedly will make an order in an appropriate amount in that criminal proceeding, for the support of the child. Relatrix is well educated and is qualified for secretarial and other remunerative work. In her present employment she earns $150 per month, with the prospect of securing a better position. Maternal affection for the child has prompted this proceeding. And she insists that from her own resources, supplemented by the proceeds of a support order on the father, she will be able to provide a proper home for the child. She should be given the opportunity to prove her intention and ability in that respect. If on further hearing, it becomes material to determine whether the benefits of the present placement of the child outweigh the advantage of maternal care which relatrix may give the child in a home provided by her, the identity of the persons who now have the child will have to be divulged. "There are no secrets [contrary to respondent's contention in this respect] where the welfare of a child is concerned": *Com. ex rel. Children's Aid Soc. v. Gard,* supra, quoted with approval from our disposition of the same case in 162 Pa. Superior Ct. 415, 58 A. 2d 73.

The order is set aside and the proceeding is remitted to the lower court for further hearing and disposition consistent herewith.