Cochran Appeal.

Argued November 14, 1958.    Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Hermas L. Weary,* with him *Hyman Goldstein,* for appellant.

*Charles H. Stone,* Special Assistant District Attorney, with him *Clinton R. Weidner,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, November 25, 1958:

Kenneth Neff and his wife Barbara had four children: Barbara born in 1938, Augusta born in 1939, Beatrice in 1941, and Kenneth, Jr., in 1942. In 1946 these four children were adjudged "neglected" by the Juvenile Court of Cumberland County, and the Court, sitting as a quarter sessions court, placed them in a foster home. In 1948 the same Court committed the four children to the Methodist Home for Children,[*] where they have received excellent care.

This is an appeal from a closely divided Superior Court (4-3), which denied the petition of the mother, Barbara Cochran, to revoke or modify the above mentioned order and to award to her the custody of her three children.

The facts may be thus summarized.

---

[*] It seems to be conceded that the reason for this commitment was the financial inability of the parents to take care of their children.

Kenneth and Barbara Neff were divorced in 1946 and both have since remarried. Barbara is now the wife of William McCarty Cochran of Fair Lawn, New Jersey.

On February 11, 1957, Barbara Cochran filed the above mentioned petition seeking custody of her four children.* At the hearing on the custody petition the following facts were established: Mr. and Mrs. Cochran reside in a six room, two bathroom house in a residential section of Fair Lawn, New Jersey, convenient to church and schools. Their house is valued at between $20,000 and $21,000, with a mortgage encumbrance of $12,500. Mr. Cochran has an annual salary of approximately $5,000 and an Army retirement pension of $3,200. Mrs. Cochran earns $4,500 a year. They have $2,800 worth of Government savings bonds.** Mr. Cochran is ready and willing to assume responsibility for the children. The Cochrans were found to be regular church members and of temperate habits. The children, who range in age from 15 to 18 (now 16 to 19) *are very anxious to live with their mother* and stepfather. The father, who lives near the Methodist Home, opposes the mother's petition. However, he is in arrears in payment of the support order, and has visited his children much less frequently than their mother, who lives in New Jersey, approximately 200 miles away.

The law is well settled that "The controlling consideration is the welfare of the child: Commonwealth ex rel. Graham v. Graham, 367 Pa. 553, 560, 80 A. 2d 829; Commonwealth ex rel. Levinson v. Levinson, 162

---

* On June 19, 1957, the lower court awarded the mother the custody of the oldest child, Barbara. That order is not a subject of this appeal.

.** These bonds are ear-marked for the education of Barbara and Augusta.

Pa. Superior Ct. 563, 59 A. 2d 625; Commonwealth ex rel. Barnett v. Currie, 165 Pa. Superior Ct. 477, 69 A. 2d 154. It is presumed to be for the best interest of the child to be in the custody of its natural protector, its parents, and particularly the mother in the case of young children. Compelling reasons must appear before a natural parent will be deprived of custody: Commonwealth ex rel. Keenan v. Thomas, 151 Pa. Superior Ct. 131, 30 A. 2d 246; Commonwealth ex rel. Minnick v. Wilson, 159 Pa. Superior Ct. 230, 48 A. 2d 27; Commonwealth ex rel. Williams v. Price, 167 Pa. Superior Ct. 57, 59, 74 A. 2d 668.": *Commonwealth ex rel. Harry v. Eastridge*, 374 Pa. 172, 174-175, 97 A. 2d 350.

A good family home is always far preferable to a good institutional home—nothing can take the place of the solicitude, care, devotion and love of a good mother. The wishes of an intelligent child of 14 years or over is an important factor in determining custody. Cf. the able opinion of ERVIN, J., in *Commonwealth ex rel. Shamenek v. Allen*, 179 Pa. Superior Ct. 169, 176, 116 A. 2d 336.

The majority of the Superior Court based their decision on the belief that the Cochrans would be unable to meet the financial burden of four teenage children, particularly as to their educational requirements. The fact that one party has greater financial resources than the other is not controlling in custody cases: *Commonwealth ex rel. Kraus v. Kraus*, 185 Pa. Superior Ct. 167, 138 A. 2d 225.

The Cochrans have a combined annual income of over $12,000. Even if Mrs. Cochran relinquishes her position,* the family income will be slightly over $8,-

---

* Mrs. Cochran testified that she intends to resign in order to care for the children. However, she also testified that if educational expenses made it necessary, she would go back to work.

000.   This is considerably above the average.   As to the cost of the children's schooling, Barbara will be out of school before Kenneth enters college.   Augusta does not plan to go to college, but desires to enter nursing training.*   Moreover, all the children are healthy and it does not seem unreasonable to believe that they will be able to earn part of their expenses by summer employment.

Finally, to deny the custody of these children to their mother is to commit three of them—against their strong wishes—to spend the rest of their minority in the Methodist Home, separated from their sister and their mother.   We are convinced that the welfare of the children will be best served by keeping them together in their mother's home.

The order is reversed, and the petition of the mother for the custody of her children is hereby granted.

* It was admitted at bar that Augusta had already entered nursing training.