Commonwealth ex rel. Haus, Appellant, *v.* Haus, Appellant.

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stephen N. Lipton,* with him *Wallace and Lipton,* for defendant.

*Victor Dell'Alba,* with him *Marjorie Hanson Matson,* and *Dell'Alba, Gailey & Bupp,* for relatrix.

OPINION PER CURIAM, December 10, 1969:
Order affirmed.

———

DISSENTING OPINION BY CERCONE, J.:

This is a custody dispute between the separated parents of three boys aged 12, 11 and 8. The lower court granted custody of the 8-year old to his mother and granted custody of the two older boys to their father to be raised in the paternal grandparents' household. Upon appeal to this court by both parents, their counsel expressed agreement at the time of the oral argument that it would be best if the court awarded custody of all three children to one of the parents. The majority, however, affirms the lower court's decision, and I respectfully dissent, first, because the wish expressed by the parents' counsel that the boys not be

separated was a sound one, promotive of the children's general welfare and of the companionship which should be permitted to develop among the three brothers; and second, because not only the record but a reading of the opinion of the hearing judge reveals it was an error of law to deprive the mother of custody of the two older boys. The hearing judge states in his Opinion: "Having seen and heard the parties to this proceeding and the other witnesses, we cannot say that either parent is unfit to have custody of the children . . . *While we do not regard the relatrix as unfit to have custody,* there was sufficient evidence adduced to warrant the inference that she has had somewhat of a 'drinking' problem which has been the source of at least a substantial part of the difficulties which have arisen in the family." Thus, according to the hearing judge's finding and conclusion, the mother was fit to have custody, despite the "inference" of an undefined and nebulously stated "drinking" problem, which, of course, must not really have been so serious a problem, otherwise the court would not have decreed the mother fit to take care of the youngest boy.

In granting the custody of the two older boys to their father, and not the mother, the court relied on the boys' stated preference, saying: "In this determination we accord considerable weight to the strong and emphatic preference expressed by the two older boys." Yet, the lower court admits that "From our vantage point, we cannot say whether their unfavorable, and even hostile, attitude toward their mother is completely justified or not. And we realize that their preference for their father 'must be based on good reasons': Commonwealth ex rel. Horton v. Burke, 190 Pa. Superior Ct. 392, 395. We make no claim to the omniscience required to probe the minds of children and to determine, by adult criteria, whether their preference for

their father is based on 'good reasons.' But we are disposed to say that their reasons are 'good reasons' and ought not to be ignored."

When the court stated it could not decide whether the children's hostile attitude toward their mother was or was not justified, it was tantamount to holding that the evidence was insufficient upon which he could render a valid conclusion on this point. In fact, the judge's own determination of the mother's fitness would negate any misconduct or mistreatment of the children which would justify their dislike of her. The court attached too much weight to the hostile feelings not shown to be justified, especially when there was evidence that the relationship between the boys and their mother had been interfered with by the paternal grandparents with whom the children were residing and with whom they will, by virtue of the lower court's order, continue to reside. As has oftentimes been stated by both this court and the Supreme Court: "The child's preference, while a factor ordinarily, is not controlling. Even the preference expressed by a child must be based on good reasons, and the child's maturity and intelligence must be considered. Commonwealth ex rel. Weber v. Miller, 84 Pa. Superior Ct. 409; 12 R.C.L., page 1216, Sec. 34.": *Commonwealth ex rel. Stevens v. Shannon,* 107 Pa. Superior Ct. 557, at 563; *Commonwealth ex rel. Baisden v. DeMarco,* 215 Pa. Superior Ct. 38 (1969).

I do not believe, therefore, that the record, or, in fact, the opinion of the lower court, reveals any sufficient reason for depriving the mother of the custody of the two boys aged 11 and 12. As stated by this court in *Commonwealth ex rel. Logue v. Logue,* 194 Pa. Superior Ct. 210, at page 215: "One of the strongest presumptions in our law is that a mother has a prima facie right to her children over any other person. Com-

monwealth ex rel. Harry v. Eastridge, 374 Pa. 172, 97 A. 2d 350; Commonwealth ex rel. Minnick v. Wilson, 159 Pa. Superior Ct. 230, 48 A. 2d 27; Commonwealth ex rel. Williams v. Price, 167 Pa. Superior Ct. 57, 74 A. 2d 668. In the recent case of Commonwealth ex rel. Horan v. Horan, 193 Pa. Superior Ct. 193, 163 A. 2d 673, this Court upheld the mother's custody of two boys aged eleven and eight, even though there was a question of indiscretion on the part of the mother and the boys had requested to remain with their father."

By providing liberal visitation rights to the father, the court could have solved what it felt was the boys' need for their father's love and guidance. However, the every-day maternal care which growing boys require should be given them by their mother, who the court admits is a fit parent, and not by their grandmother.

I, therefore, dissent.

WRIGHT, P. J., and HOFFMAN, J., join in this dissenting opinion.