407 A.2d 1331
**Lois BEDIO**
v.
**Gary BEDIO, Appellant.**
Superior Court of Pennsylvania.
Argued June 4, 1979.
Decided July 27, 1979.

---

David C. Dickson, Jr., Berwick, for appellant.

Lee J. Dennison, Bloomsburg, for appellee.

Before PRICE, GATES and DOWLING, JJ.

PRICE, Judge:

This appeal arises from a habeas corpus action initiated by appellee to obtain custody of the parties' daughter, Diana, who was one year and one month old at the time of the hearing. For the reasons herein set forth, we vacate the decree of the court below granting custody to the mother, and remand the case for a full opinion, and the taking of additional testimony if deemed appropriate by the trial judge.

Briefly, the facts of this case are the following. The parties were married on October 4, 1974, and Diana was born on July 16, 1977. Following an argument on December 26, 1977, appellee separated from her husband, leaving her daughter in his care. Appellee went to live with a male friend whom she had known for approximately eleven days. Appellant and the child moved into appellant's parents' home. The child remained in the care of her father, his parents, and her father's sister, until July 12, 1978, when appellee filed a petition for a writ of habeas corpus. Following a hearing on the matter, the court entered an order on November 15, 1979, granting custody to appellee.

The scope of review of this court in child custody cases is of the broadest possible type. *Commonwealth ex rel. Holschuh v. Holland-Moritz*, 448 Pa. 437, 292 A.2d 380 (1972); *Tomlinson v. Tomlinson*, 248 Pa.Super. 196, 374 A.2d 1386 (1977); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974). Our paramount interest in a custody dispute between the natural parents is the child's best interest. *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972); *Cochran Appeal*, 394 Pa. 162, 145 A.2d 857 (1958); *Commonwealth ex rel. Graham v. Graham*, 367 Pa. 553, 80 A.2d 829 (1951); *Tomlinson v. Tomlinson, supra* ; *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). Accordingly, our concern focuses upon the physical, intellectual, moral and spiritual well-being of the child. *Commonwealth ex rel. Holschuh v. Holland-Moritz, supra* ; *Martincheck v. Martincheck*, 262 Pa.Super. 346, 396 A.2d 788 (1979); *Commonwealth ex rel. Cutler v. Cutler*, 246 Pa.Super. 82, 369 A.2d 821 (1977). Normally, because "the lower court has the advantage of seeing and hearing the parties, we must accord the custody order much weight." *Commonwealth ex rel. Zeedick v. Zeedick*, 213 Pa.Super. 114, 117, 245 A.2d 663, 665 (1968). In this case, however, his opinion clearly evidences that the lower court judge relied heavily upon the tender years doctrine, abrogated by our supreme court in *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635

(1977). *See also Trefsgar v. Trefsgar*, 261 Pa.Super. 1, 395 A.2d 273 (1978); *Commonwealth ex rel. Schall v. Schall*, 251 Pa.Super. 262, 380 A.2d 478 (1977); *McGowan v. McGowan*, 248 Pa.Super. 41, 374 A.2d 1306 (1977).

The opinion of the court below states:

"*Because of the tender age of the child in question, the first consideration must be the so-called Tender Years Doctrine.* While it is true that the Appellate Courts have had problems in interpreting this doctrine more recently, especially in view of the Equal Rights Amendment, the fact still remains that ordinarily the mother is best able to serve the needs of the young child.

. . . . .

We are of the opinion that *custody* of the child in question *should be transferred to the mother* under all of the circumstances of this case, *particularly in view of the tender age of the child.* (emphasis added)."

In nullifying the validity of the tender years doctrine, the *Spriggs* court declared:

"Courts should be wary of deciding matters as sensitive as questions of custody by the invocation of 'presumptions.' Instead, we believe that our courts should inquire into the circumstances and relationships of all the parties involved and reach a determination based solely upon the facts of the case then before the Court." *Commonwealth ex rel. Spriggs v. Carson, supra* 470 Pa. at 300, 368 A.2d at 640.

Accordingly, the custody award in this case was clearly based upon an error of law. We do not mean to infer that custody might not properly be awarded to appellee, but the basis for the court's decree in this case was wholly improper.

■ Furthermore, although the court's opinion touches briefly upon some of the specifics of the mother's employment and the physical accommodations that would be available to the child were she in her mother's care, the court does not exhaustively analyze the testimony adduced by both parties at the hearing. As this court observed in *Commonwealth ex rel. Schall v. Schall, supra* 251 Pa.Super. at 263–64, 380 A.2d at 479:

"In a child custody case the hearing judge's inquiry should be comprehensive and searching, and his decision supported by a full discussion of the evidence. *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). Where the hearing judge has failed to comply with these requirements, we have not hesitated to remand."

Because the court placed improper emphasis upon the now extinct tender years doctrine, we vacate the custody degree. On remand, the court shall author a comprehensive opinion exhaustively analyzing and weighing the evidence adduced. Of course, should the court deem it appropriate, a further hearing shall first be conducted in this matter.

Decree vacated and case remanded for proceedings consistent with this opinion.