### ORDER

## In re Mull

*Thomas D. Leidy,* for petitioner.
*John A. Goldstan,* for respondent.

SAYLOR, *J.,* May 7, 1981—Before us for disposition is a petition for a change of name in which the natural mother, over the natural father's objection, seeks to change the surname of their one-year old son who was born out-of-wedlock. Both parents are and have always been single. The father, Wayne Alan Ritchie, is 19 years old, admits paternity of his son, and is contributing towards his support. The mother, Cheryl Mull, is 20 years old, has custody of the child in question, and named the child at his birth Wayne Michael Ritchie. She gave her son the surname "Ritchie" but did so only because she believed she had to in order to get support for the child from the natural father. She really wanted to give him the surname "Mull," her surname, and now asks us to do so on his behalf.

A hearing was held on March 27, 1981 at which time the testimony of both parents was received. Each side was then given an opportunity to submit legal authorities to support their respective positions. Both sides having done so, the matter is now ripe for decision.

The mother contends that the law gives the mother of an illegitimate child the exclusive right to name it[1] and since she has this exclusive right, the natural father has no standing to object to her petition to change the child's surname. She further argues that her petition is more akin to a surname correction because she wanted to name the child "Mull" but was mistaken in the belief that she had to give him the natural father's surname in order to legally collect support for him from the father.

The father urges us to follow a line of lower court cases which hold that although a parent may seek a name change on behalf of a minor child, absent very unusual circumstances the action should not be taken until the minor has reached the age where he is capable of determining what name he desires to take.[2] Although instructive, these cases are factually distinguishable from the one at hand. In all these cases the child whose surname was sought to be changed was born in wedlock and was five years or older at the time the name change was requested. They deal with a situation where the mother of a legitimate child who has custody of the child seeks to change the child's surname over the natural father's objection where they had been di-

1. The Bureau of Vital Statistics regulations issued under the authority of the Administrative Code of April 9, 1929, P.L. 177, as amended, 71 P.S. §532, provides: "The child of an unmarried woman may be registered with any surname requested by the mother. If no other surname is so requested, such child shall be registered with the mother's surname." 28 Pa. Code §1.6.

2. Pollock Petition, 31 D. & C. 2d 514 (1963); DiBacco Petition, 32 D. & C. 2d 90 (1963); and DeVane Petition, 3 D. & C. 3d 515 (1977).

vorced and where she has either remarried and wants to change the child's surname to her new married name, or where she has resumed her maiden name and wants the child's name to be changed accordingly.[3]

Although the regulations promulgated by the Bureau of Vital Statistics give the mother of an illegimate child the exlcusive right to name it as claimed by the mother-petitioner, we have serious doubts as to the regulations' validity by reason of passage of the Equal Rights Amendment to the Pennsylvania Constitution.[4] The foundation of a mother's exclusive right to name her illegitimate child probably rested on her exclusive right to custody and the corresponding legal obligation to support it. See Latney's Appeal, 146 Pa. Superior Ct. 20, 21 A. 2d 521 (1941). More recently, however, in Adoption of Walker, 468 Pa. 165, 360 A. 2d 603 (1976), the Pennsylvania Supreme Court found the adoption statute requiring only the mother's consent created an impermissible distinction between unwed mothers and unwed fathers and as such offended the ERA, and held that the adoption of an

---

3. There is only one Pennsylvania case in which the father of an illegitimate child attempted to assert a right to change his name. See In Re Change of Surname, 33 Beaver 43 (1973). The petition was denied because the child was born while the mother was married to another man and was therefore presumptively the child of the previous husband. Petitioner failed to give the presumptive father, a necessary party, notice of the proceedings. This case is not authority for the proposition that the father of an illegitimate child has no right to participate in the selection of the child's surname or no right to name his child over the mother's objection.

4. Pa. Const., Art. I, §28 (hereinafter cited as ERA).

illegitimate child required the consent of the father in addition to that of the mother.[5]

Although the Bureau of Vital Statistics regulations may give guidance to the name registration of a child of an unmarried woman, we are of the opinion that it could not, standing alone, withstand the unwed father's challenge.

If our assumption is correct that the father in this case could have challenged the regulations giving the mother the right to surname their child at birth and if the mother now seeks to change it based on what she thought was a mistake, clearly he has standing now to oppose the proposed name change.

Having determined that Pennsylvania's ERA invalidates the distinction between unwed mothers and unwed fathers based on the sex of these individuals, what approach is to be followed in resolving paternal disagreement over a child's name? We must keep in mind that, although the act under which the petition was filed permits a parent to seek a minor child's name change, it is the child who is asking for the name change, not the parent.[6] We believe the person to consider is the child. We must resolve this dispute by considering what will be in the best interest of the child. We note that the

5. Until Walker, Pennsylvania cases considered the mother's right to the illegitimate child superior: Com. ex rel. Meta v. Cinello, 218 Pa. Superior Ct. 371, 280 A. 2d 420 (1971). The common law rights and duties of the mother of an illegitimate child were identical to those of the father of a legitimate child. She has the absolute duty to support her child and the exclusive right to custody and control of the child. Under Walker, distinctions of law based on sex that relate to legal rights and duties of the parents of an illegitimate child are forbidden by the ERA.

6. See, Falcucci Name Change, 355 Pa. 588, 50 A. 2d 200 (1947); Act of April 18, 1923, P.L. 75, as amended, 54 P.S. §2.

cases relied on by the father uniformly hold that absent very unusual circumstances the surname should not be changed until the minor has reached the age where he is capable of determining what name he desires to take. We have difficulty with that approach in this case. What age must the child be to make the change? By that time will he simply yield to the pressure of his custodial parent? If his surname is to be changed at that time, will it be too late to avoid embarrassing explanations? By that time won't it be necessary to change all his school and other important records? How much confusion and inconvenience will be caused by such record changes?

Unlike the situation in the other cases, this child is preschool age. He is in the custody of his mother. As such he will be more identifiable with her than with his father. That identity should be cemented by a common surname. If the child and his mother have alien last names it is bound to arouse curiosity, require explanation and create embarrassment for the child during his youthful years. It is no answer to say that the problem he will experience during his elementary school years will have to wait until he is old enough to do something about it. By then it will probably be too late. In the exercise of our discretion it is our judgment that it will be in this child's best interest to change his surname as requested at this time. Accordingly, we enter the following

ORDER

May 7, 1981, it is hereby ordered and decreed that the name of Wayne Michael Ritchie be and it is hereby changed to Wayne Michael Mull.